JOHN KING et al., Plaintiffs in Error, *v.* ADDISON RAMSAY, Defendant in error.

### ERROR TO MARSHALL.

Where a bond is the foundation of an action of debt, *nil debet* is not a good plea. It is otherwise where the instrument is but inducement to the action.

A defendant who is sued upon a replevin-bond, who wishes to show, under the statute, that the merits of the case have not been determined in the trial of the action in which the bond was given, must affirmatively state, in his plea, why the merits were not so determined; enough of the proceedings in the former action should be set forth to enable the court to decide, on demurrer, whether the right of property has been determined.

If the right of property is put in issue by a defendant, and the finding is in his favor, the award of a *retorno habendo* is a matter of course, whether prayed for by the plea or not.

In an action upon a replevin-bond, the defendants (obligors) have the right to show in mitigation of damages, that the plaintiffs in replevin, in the original action, were the general owners of the goods; and the true measure of damages, if the property was worth that much, was the amount necessary to discharge the liens upon it.

THE facts of this case are stated in the opinion of the court.

The cause was heard before T. L. DICKEY, Judge, without a jury, at April term, 1850, of the Marshall Circuit Court. Judgment for Ramsay on the bond, for eight hundred dollars. The defendants in the court below excepted to the finding of the court, and sued out this writ of error.

H. O. & A. L. MERRIMAN, for plaintiffs in error.

O. PETERS and RAMSAY, for defendant in error.

TREAT, C. J. This was an action of debt, brought in the name of Ramsay, sheriff of Marshall county, against Burnell, King, Yonts, Earl, and Vinecore. King, Earl, and Vinecore only were served with process. The declaration was upon a replevin-bond, executed by the defendants to the plaintiff, on the 8th of March, 1847, in the penalty of $800, conditioned for the return, if return should be awarded, of eight horses and eight harnesses, which had been taken by the plaintiff in an action of

replevin, instituted by Burnell and others against Robertson; and it alleged a trial of the action of replevin, a verdict and judgment therein in favor of Robertson, and the award of a writ of *retorno habendo;* and assigned for breach that the defendants had not made return of the property.

The defendants, King, Earl, and Vinecore, pleaded several pleas. The first plea was *non est factum,* on which issue was taken. The second plea was *nil debet,* to which a demurrer was sustained. The third plea was *nul tiel record,* on which there was an issue. The fourth plea alleged, that the property replevied in the original action was the property of the plaintiffs therein, and that the merits of the case were not fully determined on the trial of that action. The fifth plea alleged, that Robertson, the defendant in the action of replevin, às constable, held possession of the goods replevied, by virtue of several attachments issued by George Snyder, a justice of the peace, against O. Hinton & Co.; one in favor of Denby, for $82.75; one in favor of Mosher, for $49.64; one in favor of Gapeer, for $23.88; one in favor of Williamson, for $10.25; one in favor of J. Waugh, for $70; one in favor of S. Waugh, for $90; and one in favor of Fisher & Co., for $20; that the trial in the action of replevin only determined, that Robertson had the right to retain the goods to satisfy the attachment in favor of Denby; and that the right of property, as to the other attaching creditors, was not determined; and that the plaintiffs in replevin were the owners of the goods, and entitled to the possession thereof, as against all of the attaching creditors except Denby. The sixth plea was like the fifth, with the additional averment, that the defendants, prior to the commencement of this suit, fully paid and satisfied the judgment in favor of Denby. The seventh plea was similar to the fifth, with the additional allegation, that the plaintiffs in the action of replevin purchased the goods in question of O. Hinton & Co. prior to the issuing of the attachments, of which all of the attaching creditors but Denby had notice before the attachments were levied. The eighth plea alleged, that the award of a writ of *retorno habendo* in the action of replevin was wholly void, because the defendant in that action did not, by his plea, pray for a return of the property.

The court sustained a demurrer to the fourth, fifth, sixth, seventh, and eighth pleas.

The cause was submitted to the court at the April term, 1850. The plaintiff read in evidence the replevin-bond described in the declaration; also the record of the judgment in the action of replevin; also the writ of *retorno habendo* issued on the judgment, and the return of "not found" thereon; and he proved that the goods replevied were worth $350.

The defendants then read in evidence the declaration, plea, and replication in the action of replevin. The declaration was in the usual form. The plea alleged that on the 14th of February, 1847, O. Hinton & Co. were indebted to P. J. Mosher in the sum of $49.64, to C. C. Gapeer, $23.88, to J. H. Williamson, $10.25, to J. Waugh, $70, to S. Waugh, $90, to J. Denby, $82.75, and to Fisher & Co. $20; that on that day each of said creditors sued out an attachment before George Snyder, a justice of the peace, against O. Hinton & Co. for the amount of his debt, all of which attachments were delivered to the defendant, a constable, and were by him on the same day levied on the goods in question as the property of O. Hinton & Co., and that the same were then the property of O. Hinton & Co., and not the property of the plaintiffs; and that such proceedings were afterwards had in the attachment cases that each of the attaching creditors recovered a judgment against O. Hinton & Co. for the amount of his demand. The replication simply denied that the goods in question were the property of O. Hinton & Co., and affirmed that the same were the property of the plaintiffs.

The defendants then produced the several attachments, and the judgments entered thereon, and offered to read them in evidence, in connection with proof that the plaintiffs in replevin were the general owners of the goods, for the purpose of showing that the lien of the defendant in the action of replevin was less than the value of the goods; but the court rejected the evidence, and the defendants excepted.

The defendants then offered to prove, in mitigation of damages, that at the time of the issuing of the attachments and the commencement of the action of replevin, the plaintiffs in

replevin were the general owners of the property, by virtue of a prior purchase from O. Hinton & Co., and that all of the attaching creditors except Denby had notice of such purchase and ownership before the suing out of their attachments; but this evidence was excluded, and the defendants excepted.

The court found the issues for the plaintiff, and assessed his damages at $350; and judgment was then entered against all of the defendants for the penalty of the bond, to be discharged on payment of the damages assessed and the costs of suit. At the October term, 1851, after notice to the defendants, the record of the judgment was so amended as to show a judgment against King, Earl, and Vinecore only.

Where a bond is the foundation of an action of debt, *nil debet* is not a good plea. It is otherwise where the instrument is but inducement to the action. 1 Chitty's Pl. 518; Warren *v.* Consett, 2 Lord Raym. 1500; Jansen *v.* Ostrander, 1 Cowen, 670; Allen *v.* Smith, 7 Halsted, 159; Davis *v.* Burton, 3 Scam. 41. The bond was clearly the foundation of the present action, and the second plea was properly held bad on demurrer.

The fourth plea was evidently framed with reference to the provisions of the act of the 1st of March, 1847, in these words: "That in all actions upon replevin-bonds, where the merits of the case have not been determined in the trial of the action of replevin in which the bond was given, the defendant may plead the above facts, and also his or her title to the property in dispute in the said action of replevin." The plea was clearly defective, in not showing why the merits of the case were not determined in the action of replevin. A party claiming the benefit of the statute must affirmatively show by his plea that the case is within its provisions. Mere general averments will not suffice. Enough of the proceedings in the former action should be set forth to enable the court to decide on demurrer whether the right of property has already been determined. If the suit was dismissed, that fact should be stated. If there was a trial, the plea ought to show what were the issues, and how they were disposed of. The plea was also defective in professing to answer the entire cause of action. Even if the goods replevied belonged to the plaintiffs in the action of replevin, and

the right of property was not determined in that suit, the obligee would still have a cause of action on the bond, and be entitled to recover nominal damages, for a failure to make return of the goods, as required by the judgment of the court.

The same objections apply to the fifth, sixth, and seventh pleas. These pleas allege generally that the right of property as to all of the attaching creditors but Denby, was not determined in the action of replevin. The proceedings in that suit should have been set out, so that the court could determine whether the defendants were entitled, under the statute, to have the right of property inquired into in this action.

The eighth plea was clearly bad. When an action of replevin is dismissed, or the right of property is adjudged against the plaintiff, the court is required to give judgment for a return of the goods replevied, and damages for the detention thereof. Rev. Stat. ch. 88, § 6. If the right of property was put in issue by the defendant, and the finding was in his favor, the award of a *retorno habendo* was a matter of course, whether he prayed for a return in his plea or not.

The judgment in the former action did not conclude the plaintiffs in replevin from afterwards insisting that they were the general owners of the goods replevied. The goods were claimed by the constable by virtue of certain attachments levied thereon; and the real issue in that action was whether those attachments were valid liens on the property. The finding on that issue determined nothing more than that the constable had a special property in the chattels to the extent of the judgments in favor of the attaching creditors. In that respect only was there any adjudication of the right of property. The question of the general ownership of the goods was left open and undetermined. The constable was entitled to the possession and control of the property, to enable him to satisfy the liens upon it. But after the liens should be discharged, he would hold the residue of the property, if any, in trust for the general owner. If the goods had been returned to him, and the sale of a part only had satisfied the judgments, the plaintiffs in replevin might assert title to the remaining portion. The replevin-bond was given for the indemnity of the officer and the attaching creditors. By a dis-

charge of the liens on the property, the object of the bond would be fully answered. And there would be no propriety in allowing the obligee to recover more than would be necessary to accomplish that result. If permitted to recover the full value of the property, he would hold the balance remaining after discharging the liens, in trust for the general owner; and the latter might hold him liable for such excess, in an action for money had and received. To avoid circuity of action, the obligee should only be allowed to recover against the general owner the value of his special interest in the property. This view is fully sustained by the cases of Belt *v.* Worthington, 3 Gill & Johns. 247, and Wallace *v.* Clark, 7 Blackf. 298. In those cases the actions of replevin had been dismissed, and judgments entered for a return of the goods replevied. In actions afterwards brought on the replevin-bonds, the obligees were permitted to prove, in mitigation of the damages, that the plaintiffs in replevin had title to the property. In this view of the case, the defendants had the right to show, in mitigation of damages, that the plaintiffs in the original action were the general owners of the goods; and the true measure of damages, if the property was worth that much, was the amount necessary to discharge the liens upon it. But the case clearly shows that the defendants were not prejudiced by the exclusion of the evidence. The plea in the action of replevin set out the judgments rendered in the attachment suits, and they were not put in issue by the replication. The existence and amount of the judgments stood admitted on the record; and the only question left open for determination was whether the judgments were liens on the property. The amount of principal and interest due on the judgments at the time of the trial of this case much exceeded the value of the goods; in point of fact the damages recovered are not sufficient to satisfy the judgments. It would be a useless ceremony to reverse the judgment for an erroneous ruling of the circuit judge, when this court can clearly see that the decision could not possibly have injured the defendants.

The offer of the defendants to prove that all of the attaching creditors but Denby had notice, at the time the attachments were sued out, of the prior purchase of the goods by the plain-

tiffs in replevin from O. Hinton & Co., was properly refused. The judgment in the former action was conclusive of that question. The fact that the goods were bound by the attachments had already been determined, and could not be drawn in question in this suit. The attachments were all specially relied on by the constable in his plea, and there was a general finding in his favor. The plea was bad in setting up several distinct defences; for a single attachment, if valid, would have entitled the officer to a return of the property. The plaintiffs in replevin, instead of joining issue on the plea, should have compelled the defendant by demurrer to sever in his defences. There would then have been as many issues as there were attachments, and a separate finding on each. If such a course had been pursued, and Denby's attachment only had been sustained, the amount of his lien would have been the measure of damages in the action on the replevin-bond.

The judgment, as originally entered, was erroneous in embracing two defendants who were not before the court, either by service of process or appearance. But the subsequent amendment of the record entirely removed the objection.

The judgment is affirmed.

*Judgment affirmed.*