Charles Bartlett & others *vs.* William Brickett.

In an action of replevin the answer denied that the goods were property of the plaintiff, admitted that they were in the defendant's possession at the time of the replevin, substantially alleged that such possession was lawfully acquired and rightfully continued, also alleged that they " were " property of A. B., deceased, and that C. D. "is " his administrator, and further denied that the plaintiff took and detained them. Judgment was ordered for the defendant on the ground that the plaintiff failed to show property in the goods. *Held*, that the defendant was *primâ facie* entitled to a return of them.

Replevin of a trunk and its contents, alleged to belong to the Trustees of the Ministerial Fund of the North Parish in Haverhill, a corporation. The answer denied " that the plaintiffs are the trustees of any ministerial fund in the north parish in Haverhill as set forth in their writ;" denied "that the property mentioned in the plaintiffs' writ belongs to the plaintiffs, or that they have any right in or to the same;" alleged " that the said trunk and its contents, except one receipt, was the property of John Brickett, late of said Haverhill, deceased, and Charles Dustin of said Haverhill is the administrator of said Brickett's estate," and " that said receipt was and is the property of said Brickett and one Johnson Noyes of said Haverhill, and not the plaintiffs;" and finally denied " that he took and detained the property mentioned in the plaintiffs' writ," and alleged " that it was by them, and with their consent, placed in the defendant's possession and keeping, and that before the service of the plaintiffs' writ upon him the plaintiffs did not, nor did any one for them or in their behalf, make any demand upon him for said trunk and its contents, nor has the defendant ever refused to give up said property."

On exceptions taken in the superior court, it was adjudged, by a decision reported 14 Allen, 62, that the action could not be maintained, not having been brought in the name of the corporation. The defendant then filed a motion in the superior court for a return of the property. No evidence was introduced by either party. *Brigham*, J. ordered judgment for a return; and the plaintiffs alleged exceptions.

*H. Carter*, for the plaintiffs.

*S. B. Ives, Jr.*, ( *C. J. Noyes* with him,) for the defendant.

HOAR, J.  When this case was before us at a previous stage judgment was ordered for the defendant, on the ground that the plaintiffs had failed to show any property in the goods replevied The defendant then moved in the superior court for judgment for a return ; and, no evidence being offered by either party, it was ordered by the court. To this order the plaintiffs except and contend that upon the pleadings the defendant is not entitled to a return.

The answer of the defendant is somewhat informal and confused. But it expressly denies the property of the plaintiffs in the goods replevied, and, as we think, substantially avers the property to have been in a third person. The criticism which the plaintiffs make upon this part of the answer is, that it alleges that the property (except one receipt,) was the property of John Brickett, deceased, and that Charles Dustin is the administrator of said Brickett's estate ; that this is not an allegation that Dustin was administrator at the time of the replevin. But we think this is in substance an allegation that the goods belonged to Brickett at the time of his decease ; and it follows as a legal conclusion, in the absence of anything to the contrary, that they became the property of his administrator when one was appointed. The property in the administrator, upon his appointment, relates back to the death of the intestate. If, therefore, as the plaintiffs suggest, the goods were received by the defendant after the death of Brickett, and were replevied before the appointment of an administrator, the defendant would be responsible for them to the administrator when appointed, and, if they have not gone to the administrator's use already, would be entitled to a return for that reason.

But the plaintiffs further contend that the concluding part of the answer amounts to a plea of *non cepit;* and that upon the issue of *non cepit*, the defendant is not entitled to a return. This is true, where *non cepit* is the only issue tendered, because under that plea there is no denial of the plaintiffs' property or right of possession. But a plea of *non cepit* may be joined with a plea

of property in the defendant or a stranger. To support the issue of *non cepit*, the plaintiff must prove either an unlawful taking or an unlawful detention. *Whitwell* v. *Wells*, 24 Pick. 25, 28. If the defendant prevails on this issue, there is on that part of the case no foundation laid for a judgment for a return, as the plea admits the property in the plaintiffs, and their right to the possession. But the defendant did not in his answer deny the possession by himself; but on the contrary admitted it; and asserted that it was lawfully acquired and rightfully continued. Upon this allegation, in connection with the denial of the plaintiffs' property, the defendant is *primâ facie* entitled to a return. If it had been shown, as in *Whitwell* v. *Wells*, that the goods had never been in the defendant's possession; or, as in *Wheeler* v. *Train*, 3 Pick. 255, that the defendant's right to the possession had terminated since the service of the replevin writ; the rule would be otherwise. *Exceptions overruled.*