*G. H. Voss* and *T. J. Kane,* for appellee.

———————o———————

WOODRUFF *v.* GARNER.

DEPOSITION.—*Retaking.*—*Taking by Other Party.*—*Evidence.*—Although a party may not be at liberty to retake the deposition of a witness, except by leave of court, yet the taking of the deposition of a witness by one party to a suit does not prevent the other party from taking his deposition also; and one party may introduce both depositions in evidence.

EVIDENCE.—*Fraud.*—*Rescission.*—*Waiver.*—Where a person is seeking the rescission of a contract, on the ground of fraud, evidence is competent which has a tendency to show that the conduct of said person has been such as to repel any inference that a fraud has been practised upon him, or to show that he adhered to the contract after having discovered the fraud.

APPEAL from the Rush Circuit Court.

WORDEN, J.—The appellant, Woodruff, sued the appellee,

Woodruff *v.* Garner.

Garner, to obtain the rescission of a contract entered into by the parties for the exchange of lands, and of a conveyance made by the plaintiff to the defendant, in pursuance of the contract, upon the ground that the contract and conveyance were induced by the false and fraudulent representations of the defendant. Issues were formed, and the cause was tried by a jury, resulting in a verdict and judgment for the defendant.

The plaintiff below appeals, and has assigned several errors, but they are all covered by the assignment upon the overruling of his motion for a new trial. The reasons for which a new trial was asked were sufficient to cover all the points made for a reversal, in the brief of counsel for the appellant.

On the trial, the defendant offered to read in evidence the deposition of Julius Sharpe, as taken by the defendant, but the plaintiff objected, on the ground that before that time the defendant had read to the jury the deposition of the same witness, as taken by the plaintiff; but the objection was overruled, the deposition read, and the plaintiff excepted.

This, it is claimed, was error. We are not of that opinion. No authority is cited in support of the position assumed, and we know of none. A party may not be entitled to retake the deposition of a witness without leave of the court, but the fact that one party has taken the deposition of a witness does not prevent the other party from taking it. The deposition last taken by one party may not embrace the subject-matter of that first taken by the other party. When the deposition of a witness is thus taken by both parties, each deposition may contain evidence favorable to each party, and where one party has introduced the deposition taken by the opposite party, we see no good reason why that fact should preclude him from introducing the deposition taken by himself.

In the absence of any authority, or apparent reason to the contrary, we hold that no error was committed in this ruling of the court.

On the trial, the plaintiff was examined as a witness on his own behalf; and on his cross examination, the following questions were put to him by the defendant's counsel, and answers elicited:

Question. "Did you not say to James Cottrell, on the 2d day of August, 1860, after you had been up to see the farm in Shelby county" (the land in Shelby county, Ohio, for which the plaintiff had traded), "and as you and Cottrell were coming home, south from Mrs. Misners, Franklin county, that you were going to send your son and son-in-law up to your place in Ohio and set them to work, and you and your son-in-law Hoffman were going to rent a good place in Franklin county, and were going to work all you could and throw it all together and pay off the mortgage?"

Ans. "I told him something like that; if Garner did as he agreed to, we were going to fix it up; am not certain whether the conversation was before I went up to Ohio, or after I came back."

Ques. "Did you, at that time, say one word about Garner, or make any objection to the trade, or say that he was to do anything about the trade?"

Ans. "I can't tell whether I did or not."

Ques. "Did you not go over to Garner's some time in August, 1860, and propose a trade of the same lands with him? and did you, at that time, make one word of complaint about the misrepresentation of Garner in your former trade of these lands?"

Ans. "Sometime about the time possession was to be given, I went to Garner and offered to trade him forty acres of the Franklin county land, if he would pay off the five hundred-dollar mortgage, and he pay me the difference, and I would give him time on the difference."

To these questions, severally, the counsel for the plaintiff objected, on the ground that the same were illegal, incompetent, and irrelevant; but the objection was overruled, and exception taken.

It will be observed that it was not objected that the questions were not germane to the examination in chief.

It seems to us that the questions were proper. Evidence is competent, which has a tendency to show that the conduct of a party is such as to repel any inference that a fraud has been practised upon him, or, where he is seeking a rescission on the ground of fraud, that he adheres to the contract after having discovered the fraud.

There is no other question made in the brief of the counsel for the appellant, except the question whether the verdict is sustained by the evidence.

The case is not one in which we feel authorized, under the well established practice, to disturb the verdict.

The judgment below is affirmed, with costs.

*H. C. Hanna,* for appellant.

*W. Morrow* and *N. Trusler,* for appellee.