## CAPITAL LUMBERING CO. v. HALL,

PERSONAL PROPERTY—PRACTICE.—Where after the delivering of the property to plaintiff, in an action to recover personal property under the statute, he fails to prosecute the action, the defendant is entitled to a judgment of dismissal with costs; but he will not be allowed judgment for a return of the property, or for its value, if a return cannot be had without affirmatively showing his rights thereto.

IDEM.—The defendent must prove the affirmative allegations in his answer which would entitle him to such judgment, where they are denied by the replication. The facts rendering such a judgment proper must be plead, and if controverted must be proved, to enable the defendent to obtain such relief.

APPEAL from Polk County. The facts are stated in the opinion.

*R. S. Strahan and J. W. Rayburn*, for appellant.

*J. A. Stratton and C. B. Moores*, for respondent.

By the Court, WATSON J.:

The appellant, as sheriff of Polk county, Oregon, seized

the property in controversy (2,000,000 feet of saw logs) under a writ of attachment, issued in an action brought in the circuit court for said county, by Conner and Crosno, against J. L. Smith, for the recovery of the sum of $1,345 44. The respondent claimed the property from the sheriff, and a jury was empaneled under sec. 283 of the civil code to try the validity of the claim. The jury found against the claimant. The respondent thereupon brought this action against the appellant to recover possession of the logs, alleging ownership, right to possession, value and wrongful taking by appellant.

Appellant answered, denying the ownership or right of possession in respondent, admitting a value of $8,000 00 and denying the alleged wrongful taking. As a separate defense he plead the levy under the writ of attatachment in the action of Conner and Crosno against Smith, and averred that the logs were, at the date of such levy, the property of, and in actual possession of said Smith. And further plead the proceedings had before the sheriff's jury and that the logs were replevied from his possession. The respondent denied in its replication, that the logs were, at the time of the levy, or ever, owned by or in the actual possession of Smith.

The respondent, on motion, obtained an order of the circuit court striking out all that portion of the answer relating to the proceedings before the sheriff's jury, as constituting no defense to the action. Upon a trial of the remaining issues, the jury found for the respondent, and judgment was rendered accordingly. This judgment was subsequently reversed by this court for error in sustaining said motion to strike out, and the cause remanded for further proceedings. When the case was again called for trial in the court below, the respondent not being able to controvert the allegations in the answer, regarding the decision of the sheriff's

jury adverse to its claim to the property, moved the court for a nonsuit, which was opposed by the appellant, who asked for a judgment for the return of the property, or in the event that a return could not be had, for the value of his special interest therein, under his levy—being the amount specified in the writ of attachment, and costs. The court overruled respondent's motion for a nonsuit, and upon its failure to further prosecute the action, ordered it dismissed, with judgment for appellant for a return of the property and costs; but refused to render judgment in the alternative for the value of the property, if a return could not be had. The appellant has again appealed to this court, assigning such refusal as error.

The only provisions of our code which have any bearing on the question involved here are contained in secs. 211 and 259 which are as follows:

"Sec. 211. In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or the defendant by his answer claims a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff, or if they find in favor of the defendant, that he is entitled to a return thereof, and may, at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property."

"Sec. 259. In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or value thereof, in case a delivery cannot be had, and damages for the detention thereof. If the property have been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return

cannot be had, and damages for taking and withholding the same."

There can be little doubt as to the proper practice under these sections. The intention is quite apparent that the defendant shall not only claim a return of the property in controversy where it has been delivered to the plaintiff, but shall also allege in his answer the facts entitling him thereto, and prove them if put in issue, if he would have a judgment for a return or for the value where a return cannot be had. And such we understand to be the general rule, without regard to special statutory provisions. (Wells on Replevin, section 487.) The judgment for a return, or in the alternative, for the value of the property, where no return can be had, does not follow as a necessary consequence of a determination of the action in his favor. Judgment for the return of the property, or its value, is affirmative relief, and the defendant must allege and prove himself entitled to it, if his right is put in issue, or it will not be awarded him. This view offers an easy solution of the question involved in the case at bar. The respondent was compelled to abandon the further prosecution of the action. It failed to prove any of the allegations in the complaint which were essential to a recovery. It was barred from asserting any claim to a judgment against the appellant as the effect of the proceedings before the sheriff's jury, plead in the answer.

Appellant was entitled to judgment of dismissal with costs. This much followed as a necessary consequence of the respondent's inability and failure to proceed to the trial of the case. But his right to judgment for a return of the property, or for the value, if a return could not be had, was not established by such failure on the part of the respondent. It was incumbent on him to establish such right

affirmatively. In this respect he was the actor, and inasmuch as no proof was offered by either party, this question must be determined upon the pleadings alone. In fact the appellant's motion is virtually for judgment upon the admissions in the pleadings. Every allegation in the answer, relating to the ownership or possession of the property in dispute, is denied by the replication, except one. It is not denied that the property was in his possession when it was replevied by the respondent. His right to a judgment for a return, or the value if no return could be had, depended on this fact alone.

From the pleadings, and the motion was based upon them exclusively, after respondent's default, it did not appear to have any right or interest whatever in the property replevied. The appellant appeared to have had possession alone at the time the same was taken and delivered to the respondent. Ordinarily the presumption would be that the possessor was also the owner, and entitled to a judgment of return under such circumstances. But the appellant virtually disclaims any ownership in himself by justifying under the process against the property of L. S. Smith, and alleging that at the date of his levy upon said property it was in the actual possession of and belonged to said Smith. We think, therefore, that his possession thus explained in his answer, affords no ground for the presumption of ownership in himself, which would entitle him to the judgment asked. And as the allegations in the answer as to the ownership and possession of Smith were denied by the replication, and no proof was offered to maintain them, the appellant was not entitled to the judgment for the value, which he demanded from the court below, and consequently its refusal to grant such relief was not error.

Judgment affirmed.