[No. 286. Decided January 13, 1892.]

J. Liebmann, M. Liebmann, I. Hecht, W. Hecht, A. Hecht, J. Hecht, and T. Buckingham, *Respondents*, v. J. H. McGraw, *Appellant.*

APPEAL—VOLUNTARY DISMISSAL—SUBSTITUTION OF NEW PARTIES—REPLEVIN—DISMISSAL OF ACTION—RETURN OF PROPERTY TO DEFENDANT.

A party who voluntarily dismisses his action and causes judgment to be rendered thereon cannot prosecute an appeal from such judgment.

The refusal of the trial court to allow an amendment substituting entirely new parties plaintiff to the complaint in an action, is not such an abuse of discretion as would authorize the appellate court to interfere.

In an action of replevin, where plaintiffs have given bond and taken possession of the property in controversy, and the plaintiffs thereafter voluntarily dismiss their action, it is error for the court to render judgment dismissing the action, unless it also render judgment restoring the possession of the property to the defendant, or, in case that cannot be done, giving him judgment for the value thereof.

*Appeal from Superior Court, King County.*

The facts in this case are stated in the opinion.

*Preston, Carr & Preston,* for appellant.

*Tustin, Gearin & Crews,* and *Silvestone, Murphy & Brodie* for respondents.

The opinion of the court was delivered by

Hoyt, J.—This action was brought by the plaintiffs to secure the possession of certain articles of personal property alleged to have been wrongfully taken and detained by the defendant. Defendant answering, denied some of the allegations of the complaint, and alleged affirmatively that he held the property in question by virtue of an at-

tachment issued at the suit of a creditor of one Henry
Kaesch, who, at the time, was the owner of the property.
The answer further alleged that the plaintiffs in this action
had caused to be made an affidavit and bond, and delivered
the same to the coroner of King county, and that said cor-
oner had duly served the same upon the defendant and
taken the property in question from him, and delivered it
to the plaintiffs. Plaintiffs, in their reply, admit the mak-
ing of such affidavit and bond and the taking of the prop-
erty from the possession of the defendant by the coroner
by virtue thereof; but attempt to deny that the same was
ever delivered to plaintiffs by alleging that said property
was delivered to a corporation of which plaintiffs were of-
ficers and members, but not to the plaintiffs as co-partners,
in which capacity they had brought the action.

Soon after the commencement of the action plaintiffs,
upon affidavits and other papers, sought leave to amend
their complaint by substituting for the individual plaintiffs
as co-partners a certain corporation in which they were
alleged to be interested, and which it was alleged was the
owner of the property in question. The court refused to
allow them to so amend their complaint, whereupon they
voluntarily stated that they were unable to substantiate
the allegations of their complaint as to the ownership of
the property, and moved to dismiss the action. To this
motion the defendant interposed a cross motion, that he
have judgment against the plaintiffs for the return of the
goods, or if return could not be had, for the value thereof,
and offered to take judgment for the value in the sum of
six hundred dollars, being the value admitted in the plead-
ings. The court denied the cross motion, granted the
motion of plaintiffs, and dismissed the action, and gave
judgment in favor of defendant for his costs and disburse-
ments. From such judgment the defendant has prosecuted
this appeal, and alleges the action of the court in refusing

to enter judgment in his favor for the return of the
property, or the value thereof, as error.   Plaintiffs gave
no notice of appeal, but have sought to raise the question
here, on an alleged stipulation of counsel, as to whether or
not their motion to amend was properly denied.   No such
stipulation as would authorize us to enter into this question
appears in the record, but even if it did, or if an appeal
had been in form regularly taken by the plaintiffs, it would
not avail them here.   A party who voluntarily dismisses
his action and upon his own motion causes judgment to be
rendered thereon cannot prosecute an appeal from such
judgment.   Besides, if the question of the action of the
court in refusing to allow the amendment to be made as
proffered was before us for review, we do not think that
we should find the action of the court in that regard to
have been erroneous.   This was not a case of some ordi-
nary and technical amendment, but it was an absolute sub-
stitution of a party theretofore an entire stranger to the
record as and for the parties plaintiff, and we think the
court decided rightly when it refused to allow such an
amendment to be made.   At least in so ruling there was
no such abuse of discretion as would authorize this court
to interfere.

Upon the question raised by the defendant's appeal, we
think the action of the court was erroneous.   Plaintiffs,
by the institution of a suit, and through the exercise of their
rights and privileges thereunder, had, under the forms of
law, by their agent, the coroner, taken from the possession
of the defendant the property in question; and we think,
under a fair construction of the pleadings, it must be fur-
ther found that said property had been delivered to the
plaintiffs, although there was an attempt to deny such de-
livery.   But be that as it may, the fact remains that the
defendant had been deprived of his possession as the result
of the action brought by them, and upon their voluntarily

dismissing the same the least that could be required of them was that they place the defendant again in possession of the property; and if that could not be done, he should be given its value in lieu thereof. Such, we think, is the plain intent of our statute, and even if we had no statute we think the court would inherently have the power to thus place the parties in *statu quo*. Public policy would not allow a party to use the machinery of the law and of the courts to obtain possession of property, and then voluntarily dismiss his proceeding and still retain the benefits derived thereunder. We do not think the court could properly dismiss the action without also, by its judgment, restoring the defendant to the possession of the property.

Respondent cites one case directly in point as sustaining the action of the court in the case at bar, *Capital Lumber Co. v. Hall*, 10 Or. 204, but we are not satisfied to follow said authority. It seems to us to stand alone. No other case upon this question has been cited by the learned counsel for the respondents, nor have we been able to discover any. On the other hand, the appellant has cited a very large number of cases to sustain the opposite view. It is true that some of the cases thus cited by appellant are not exactly in point, as the cases in which the decisions were rendered were not similar to this one. But many of them are, in our opinion, directly in point, and clearly establish the principle contended for by appellant.

But even if the contention of respondents, that judgment for the return of the property could be properly rendered only after trial, still the judgment in this case would have to be reversed.

The cross motion of the defendant, made before the decision upon the motion of plaintiffs, was substantially an objection to plaintiffs dismissing their action; and if the denials in the reply were for the purpose of said cross

motion still in the case, the court should have denied the motion to dismiss and held the case for trial upon the issues made by such denials. We think, however, that the defendant's right to a return of the property upon a voluntary dismissal of the action by the plaintiffs, when the record showed that it had been taken from him by virtue of the law invoked by said suit, was absolute, and did not at all depend upon the state of the pleadings, excepting so far that it should appear therefrom that the defendant claimed a return of the property.

The judgment of the court below must be reversed and the cause remanded, with instructions to enter a judgment in accordance with the cross motion of the defendant.

ANDERS, C. J., and STILES, DUNBAR and SCOTT, JJ., concur.