### NERACKER SPRINKLING CO. V. EUREKA CO.

1. A BILL OF EXCEPTIONS WILL RAISE THE QUESTION AS TO ERRORS OF LAW.

A bill of exceptions, under the amendment of 1891 to sec. 5301, Rev. Stat., is available to raise the question whether errors of law occurred at the trial, though the motion for a new trial was not overruled until a subsequent term. Certainly it will properly raise the question whether the verdict of the jury or the finding of the court was against the weight of the evidence.

2. NUNC PRO TUNC DEPRIVING PARTY OF HIS RIGHT TO BILL OF EXCEPTIONS IS ERROR.

A trial was had at the April term, a motion for a new trial was continued to the July term, and then overruled, but the clerk made the entry on the preceding April minutes without the knowledge of the losing party, who in the October term procured a vacation of the entry, but the court ordered the vacation to be entered as of the day of the July term when the motion was overruled: *Held*, erroneous because depriving the party of his chance to take a bill of exceptions, and that the last entry should have been in the October minutes, and exceptions signed then should not have been struck off as out of time.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

We are of the opinion that the motion to strike the bill of exceptions from the files should be overruled on several grounds. The action was commenced Aug. 3, 1892. The proceedings, therefore, in regard to the taking of a bill of exceptions, were governed by the statute passed March 12, 1892. Sections 5301-2, 89 O. L., 124. This gave the right to the taking and the allowance of a bill of exceptions within fifty days after the overruling of a motion for a new trial, based on the ground that the court erred in its action on a motion to direct a non-suit, or to arrest the testimony from the jury, or for error in the charge of the court to the jury, or in the admission or rejection of evidence, or in over-ruling a motion for a new trial on the ground that the finding or verdict was against the evidence. Those provisions, as we understand them, changing the rule of law contended for by defendant in error, and which was formerly the law of the state, and which required that bills of exceptions to present questions of error which arose at the trial, should be taken at the trial term, or within the time thereafter specified by the statute, and they can now be raised by a bill taken within the proper time after the overruling of the motion for a new trial based thereon. But even if there were doubt as to this, if the bill in this case was taken within the time limited by law, it would certainly present the question whether the verdict was against the evidence, which is one of the principal grounds relied upon by the plaintiff in error in this case.

The question then remains whether the bill was allowed by the court within fifty days after the overruling of the motion for a new trial.

The facts as they appear of record are these: The case was tried to a jury at the April term of the common pleas court, 1893, and a verdict rendered. A motion for a new trial was made by plaintiff in error, but it was taken under advisement and continued till the following (July) term. During that term and about July 27, 1893, the court directed the clerk to make an entry overruling said motion and rendering judgment for plaintiff below in accordance with the verdict, saving to defendant its exceptions.

Thereupon the clerk, without the order of the court, and by his own mistake, caused such an entry to be made on the journal of the April term. This was wholly unknown to the defendant below until October 2, 1893, the first day of the October term, 1893, nor did defendant or its counsel have any knowledge that the court had passed on the motion until that day. A motion was at once filed to vacate said entry of April term, and on October 6, 1893, it was by the court ordered that said entry be expunged and held for naught.

On the same day an entry was made on the journal of the October term, to the effect that the court having, on July 27, 1893, overruled the motion for a new trial, and directed the clerk to make entry thereof and of judgment on the verdict, and that he had failed to do so, to correct such error, "it is as of July 27, 1893, ordered that said motion for a new trial be overruled, and that the plaintiff recover of the defendant the sum of $2,800, with interest," etc., rendering judgment therefor, to all of which defendant excepted. "And the defendant having presented its bill of exceptions, the same is found to be correct, and is signed, sealed, allowed and ordered to be made a part of the record." And the plaintiff excepted to the entry allowing the bill of exceptions and ordering the same to be made part of the record. And on the same day, October 6, 1893, the bill of exceptions was filed by leave of the court.

If this judgment of the court overruling the motion for a new trial, in so far as the filing of a bill of exceptions is concerned, is to be considered as done on July 26, 1893, then it is clear that as more than fifty days elapsed prior to the 6th of October, that the bill was not signed in time. The action of the court in effect was to have an entry made on the 6th of October, 1893, as of July 27, 1893, by a *nunc pro tunc* entry, made at a subsequent term, to-wit: The October term, 1893. This may in certain cases be done in further-

ance of justice, but never to do injustice. See *Ins. Co.* v. *Building Assn.* 7 Ohio Dec. R., 469. Bouvier's Law Dic.; *Landon* v. *Reid.*, 10 O., 202; *Moore* v. *Brown*, 10 O., 197. If, therefore, the action of the court of common pleas in entering an order at the October term, 1893, as of July 27th of the previous term, had the effect to cut off the right of the defendant to take a bill of exceptions, we would be of the opinion that such *nunc pro tunc* order was clearly erroneous. That it did have this effect we think is settled by the case of *Landon* v. *Reid*, before cited. It was there held that "where a *nunc pro tunc* judgment is entered in the common pleas at July term to take effect at the April term preceding, an appeal bond filed within thirty days after the July term is not within time." It would seem that the same would be the case as to a bill of exceptions which must be taken within a certain time after the overruling of a motion for a new trial. It is manifest then that the granting of this *nunc pro tunc* order at the October term as of the July term preceding, was, as held in the case cited, improper and highly prejudicial to the rights of the defendant below, and should not stand. We are of the opinion that it should be so modified as to have it speak as of the day it was really made and entered, viz.: October 6, 1893. This being so, the bill of exceptions was taken in time, and the motion to strike it from the files will be overruled.

The question then remaining is, did the court err in overruling the motion for a new trial, on any of the grounds named.

It is sufficient for us to say that, in our opinion, the plaintiff below was not entitled to recover on the evidence submitted. It did not show that the plaintiff company was the exclusive agent in this city of the defendant company, as the petition alleged, and especially did not show that during the continuance of the agency it did any act in derogation or violation of the contract of agency between them, or of the rights of the Eureka Co. It was an agency terminable at the will of either party. It was rightfully terminated on May 5, 1892, or by the letter of that date when received. On the day before this letter was written, the defendent company wrote to the Shillito Co. stating that the Eureka Co. did not *now* represent them, and proposing to see them about the contract in question. At that time, nor until June 11, 1892, the Shillito Co. had come to no conclusion as to the bid for the work put in by plaintiff company while acting as the agent of defendant company. And we think there was a complete failure on the part of the plaintiff to show that there was any violation by the defendant company of its contract, or any conduct on its part which was wrongful or injurious to the plaintiff.

The judgment will therefore be reversed and a new trial awarded.

*Thomas McDougall*, for plaintiff in error.

*Philip, Roettinger*, for defendant in error.

---

## ATTACHMENT.

532

[Hamilton Circuit Court, January Term, 1894.]

Smith, Swing and Cox, JJ.