## MICHAEL F. D'ARCY *vs.* JENNIE D. STEUER.

Middlesex.   March 8, 1901. — May 22, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Pleading, Civil.   Replevin,* General denial.

In replevin under our practice there may be a judgment for a return under a general denial, which is broader than the old plea of *non cepit* and puts in issue the plaintiff's right of possession.

REPLEVIN for certain doors alleged to be the property of the plaintiff and detained by the defendant.   Writ dated May 4, 1899.

The answer was a general denial.

In the Superior Court the case was heard without a jury by *Stevens*, J., who found for the defendant and assessed damages

in the sum of $1. Afterwards the defendant moved for an order for a return. The plaintiff objected on the ground that the answer being only a general denial did not set up title to the goods in the defendant or show any grounds for a return of the goods replevied, and requested the judge to rule that an order for a return should not issue. The judge refused so to rule, and granted the motion of the defendant that an order of return should issue. The plaintiff alleged exceptions.

*G. J. Weller*, for the plaintiff.

*P. Tworoger*, for the defendant.

HOLMES, C. J. An answer in the form of a general denial long has been sanctioned under our practice act. *Boston Relief & Submarine Co.* v. *Burnett*, 1 Allen, 410. It is permissible in replevin, as in other personal actions, and puts in issue the plaintiff's right of possession. *Spooner* v. *Cummings*, 151 Mass. 313. In other words it is broader than the old plea *non cepit*, and dispenses with the necessity of an avowry or cognizance in order to justify a judgment for a return. See *Bartlett* v. *Brickett*, 98 Mass. 521; Pub. Sts. c. 184, § 13. The practice in many other States under statutes would seem to be more or less like ours. *Fleet* v. *Lockwood*, 17 Conn. 233, 243. *Holliday* v. *McKinne*, 22 Fla. 153, 158. *Conner* v. *Comstock*, 17 Ind. 90, 92, 93. *King* v. *Ramsay*, 13 Ill. 619, 623. *Bates* v. *Buchanan*, 2 Bush, 117.

*Exceptions overruled.*