VALENTINE ULRICH v. A. J. McCONAUGHEY.*

FILED NOVEMBER 20, 1901. No. 9,994.

Commissioner's opinion, Department No. 2.

1. **Replevin: WHERE ANSWER IS GENERAL DENIAL AND PROPERTY HAS BEEN DELIVERED, PRAYER UNNECESSARY.** Where property has been delivered to the plaintiff in replevin and defendant's answer is a general denial, it is not necessary that such answer contain a prayer for return in order to sustain a judgment for return of the property or its value.

2. ———: JUDGMENT NOT ALTERNATIVE: ERROR WITHOUT PREJUDICE. A plaintiff in replevin who, by his own admission in open court, has disposed of the property delivered to him and is not able to return it, will not be heard to complain that a judgment rendered against him is for the value of the property only, and not alternative, as prescribed by section 191a, Code of Civil Procedure.

3. ———: FORM OF VERDICT. The fact that plaintiff may have disposed of the property delivered to him under the writ, so that a return will not be possible, does not change the nature of the action so as to obviate the requirements of section 191, Code of Civil Procedure, as to the form of the verdict.

4. ———: VERDICT SHOULD CONFORM TO SECTION 191 OF CODE. Such requirements should be complied with in every case, and

*Rehearing allowed.

failure to do so is ground of reversal wherever the findings required would be of benefit to any party in the cause or where the nature or amount of the interest of the prevailing party is in issue.

5. ———: ERROR WITHOUT PREJUDICE. But if the nature of a defendant's interest is not in issue and his right of possession is equal in value to the ownership, the value of the property having been found, omission to find whether defendant was owner or had the right of possession only, is error without prejudice. *Search v. Miller*, 9 Nebr., 26, disapproved to this extent. NORVAL, C. J., dissenting.

6. Partnership: DISPOSITION OF PROPERTY BY PARTNER. A partner can not apply partnership property to the payment of his individual liability without the consent of his copartner.

7. Deposition May Be Used by Opposite Party. A deposition regularly taken and filed in a cause, not used by the party taking it, may be offered and read by the other party, whether he participated in taking it or not.

ERROR to the district court for Hamilton county. Tried below before BATES, J. *Reversed.*

*W. H. Thompson,* for plaintiff in error.

*Hainer & Smith, contra.*

Argued orally by *Thompson,* for plaintiff in error; by *Hainer, contra.*

POUND, C.

This proceeding is brought to review a judgment for the defendant in an action of replevin. The facts, so far as material to the questions of law involved, may be stated best in connection with the several assignments of error to which they relate.

The first point urged is that since the answer is a general denial and the usual prayer for the alternative judgment for return of the property or for its value is omitted, no judgment could be rendered in favor of the defendant further than one for his costs. At first sight this position seems warranted by the authorities. Thus, a recent work says, in accordance with the text-books generally: "The

weight of authority requires the defendant in his answer to make a special claim of property and a demand for its return; otherwise there will not be a judgment for the return of the property to the defendant." 18 Ency. Pl. & Pr., 558, citing: *Pico v. Pico,* 56 Cal., 453; *Chandler v. Lincoln,* 52 Ill., 74; *Bartlett v. Brickett,* 98 Mass., 521; *Hinchman v. Doak,* 48 Mich., 168; *Young v. Glascock,* 79 Mo., 574; *Capital Lumbering Co. v. Hall,* 10 Ore., 202; *Gallagher v. Bishop,* 15 Wis., 303. Examination of these authorities, however, and of the statutes or adjudications determining the practice in replevin in the several jurisdictions referred to, readily demonstrates that they have no application in this state. In some of these jurisdictions the common law pleading obtains, under which system plea of *non cepit* or of *non detinet* does not entitle a defendant to return of the property. *Chandler v. Lincoln, supra;* Shinn, Replevin, secs. 671, 672. In others the defendant is required to elect whether to claim a return or judgment for the value. *Tuckwood v. Hanthorn,* 67 Wis., 326; *Wooldridge v. Quinn,* 70 Mo., 370; Shinn, Replevin, sec. 682. In the remainder there are express statutory requirements rendering prayer for or claim of return necessary. California Code of Civil Procedure, secs. 627, 667; Oregon Code of Civil Procedure, sec. 259. The section last quoted expressly provides that the alternative judgment shall be rendered, "if the property has been delivered to the plaintiff, and the defendant claim a return thereof," and *Capital Lumbering Co. v. Hall, supra,* is decided upon that section. In *Pico v. Pico, supra,* the court, speaking of the California statute, says that "it is arbitrarily made the duty of defendant to assert his formal claim for a return as a prerequisite to a judgment for the return of the property or its value." No such requirement is to be found in our statutes. Nor do the common-law rules of pleading in replevin apply here. With us it is well settled that the defendant may prove anything that makes against plaintiff's claim under a general denial, whereas *non cepit* and *non detinet* at common law admit property in the

plaintiff. Shinn, Replevin, secs. 671, 672. The provisions of our Code are clear and express to the effect that the alternative judgment is to be rendered "in all cases" where the property has been delivered to the plaintiff and there is a verdict for defendant. Code of Civil Procedure, secs. 191, 191a. In view of this express provision and the obvious distinction to be noted as to the cases which would at first indicate a contrary conclusion, we think that no claim or prayer is necessary, over and above a general denial, to entitle a successful defendant, from whom property has been taken and delivered to a plaintiff, to a judgment for return or value of the property or of his interest therein. A like conclusion was reached in *Lavelle v. Lowry,* 5 Mont., 498, 6 Pac. Rep., 337.

Exception is taken to the judgment because it is not in the alternative form prescribed by section 191a, Code of Civil Procedure, but is a money judgment for the value of the property only. It appears by the bill of exceptions that during the trial the parties stipulated in open court that "the property since being replevied in this case has been disposed of by the plaintiff and can not be returned." In *Lee v. Hastings,* 13 Nebr., 508, it seems to have been held that an alternative judgment must be rendered as directed by the statute, notwithstanding a stipulation that a return can not be had. But this whole subject, which had been far from clear under the previous decisions of this court, was gone over exhaustively in *Selby v. McQuillan,* 59 Nebr., 158, and we think, in the light of the opinion in that case, *Lee v. Hastings* should not be followed. It is true, in *Selby v. McQuillan* the judgment itself showed that the property could not be returned, while in this case, as in *Lee v. Hastings,* such fact appears only from the stipulation of the parties. Nevertheless the reason and principle of *Selby v. McQuillan* clearly apply. As SULLIVAN, J., aptly says in that case: "The section in question does, of course, contemplate that an alternative judgment shall be rendered, if, under the conditions existing at the time of the trial,

such a judgment can or may be of practical worth to either of the litigants; but the law does not require vain things. It issues no imperative mandate in any case for the doing of a useless and idle act." This is true whether the facts which operate to make the alternative judgment nugatory appear in the judgment itself or elsewhere in the record. A plaintiff in replevin who, by his own admission in open court, has disposed of the property delivered to him, and is not able to return it, ought not to be heard to complain that the judgment does not allow him to make a return which he has admitted to be beyond his power.

Error is also assigned with respect to the form of the verdict and the instruction of the court by which it was prescribed. The instruction was as follows: "If you find from the evidence for the defendant, it is admitted that the value of the corn in controversy is $591.36, interest $254.58, total, $845.94, and you should return a verdict for the defendant for said sum of $845.94." The verdict, following the instruction, was in this form: "We, the jury in the above entitled cause, do find for the defendant and assess the amount of his recovery at the sum of $845.94." Both the instruction and the verdict were excepted to, and they are manifestly contrary to section 191, Code of Civil Procedure, which requires that in all cases where the property has been delivered to the plaintiff and the jury find for the defendant, the jury also find whether at the commencement of the action the defendant had the right of property or the right of possession only and assess his damages. The stipulation of the parties, referred to in the instruction quoted, fixes the value of the property at $591.36, and the interest thereon, computed by the court and directed to be found as a part of the value, would, in strictness, be the damages for withholding the property. The attention of the trial court was called to these errors in the form of verdict it was prescribing at the time. But the view seems to have been taken that, by reason of the stipulation that the property could not be returned, the action had become, in effect, an action of trover and that

the verdict should be framed accordingly. This position finds some support in *Romburg v. Hughes,* 18 Nebr., 579, and in those jurisdictions where the defendant must elect whether to claim return or to take judgment for the value of the property. But we have had occasion to review this subject in *Schrandt v. Young,* 62 Nebr., 254, recently decided, and have held that, under the provisions of the statutes of this state, the nature of the action is not changed by inability of plaintiff to make a return. The cases cited by defendant in the case at bar are all of a different nature. Where the plaintiff fails to give the required undertaking, the Code provides that the action shall proceed as for damages, and in such case, by express statutory provision, the action is, in effect, one in trover.

The instruction quoted and the verdict pursuant thereto were clearly erroneous. But the question still remains whether such errors require a reversal of the judgment. It is fundamental that errors, as such, are not, of necessity, ground for reversal unless prejudicial to the party complaining. In the analogous case of the alternative judgment required by section 191*a* of the Code, after first holding that such requirement must be complied with absolutely in all cases, this court has come to the view that a party who is in no way prejudiced by failure to enter the prescribed form of judgment can not complain thereof. *Selby v. McQuillan,* 59 Nebr., 158. We see no difference either in the requirements themselves or in the language of the Code with respect to them which constrains us to hold that the one may be departed from with impunity, if no prejudice results, while the other must be adhered to absolutely in every case under pain of reversal of the judgment. Although the case most in point is to the contrary, the course of decision in this court, when considered in connection with the rulings as to the form of judgment in such cases, supports this conclusion. *Search v. Miller,* 9 Nebr., 26, was in many respects like the case at bar. There the defendant was agent of the owner, and plaintiff claimed as mortgagee, while here the defendant

held under a writ of replevin sued out by one whose interest, if any, was that of owner. Hence in each case the defendant's right of possession was equivalent in value to ownership. In *Search v. Miller* the jury found the right of possession in the defendant and found the value of the property, but did not find the value of the right of possession. The court held that no judgment could be rendered on such a verdict. But at that time it was held that the provision requiring an alternative judgment was mandatory. *Hooker v. Hammill,* 7 Nebr., 231. On the other hand, in *Mercer v. James,* 6 Nebr., 406, a verdict not in accord with the statute was held error without prejudice where there was no issue as to the nature of defendant's interest, and in *Hershiser v. Delone,* 24 Nebr., 380, a verdict for plaintiff which did not find the right of possession, was held to be error without prejudice where the evidence showed plaintiff to be owner and there was no evidence of a right of possession in any one else. *Search v. Miller* excepted, the cases where judgments have been reversed for failure to comply with the provisions of the Code as to the contents of the verdict are cases in which there was an issue as to the nature of the defendant's right. Moreover, in *Richardson Drug Co. v. Teasdall,* 59 Nebr., 150, this court treated the provisions as to form of the verdict and those as to form of the judgment as upon the same basis in this regard. In other jurisdictions in which there are similar statutes, the courts have differed, some holding that the verdict must in every case conform to the statute (*Fulkerson v. Dinkins,* 28 Mo. App., 160; *Washburn v. Huntington,* 78 Cal., 573, 21 Pac. Rep., 305; *Yick Kee v. Dunbar,* 20 Ore., 419, 26 Pac. Rep., 275), others holding that the error is fatal to the judgment only when it affects some one prejudicially (Shinn, Replevin, sec. 619; *Brannin v. Bremen,* 2 N. M., 40; *Gregory v. Morris,* 1 Wyo., 213). In most cases, however, which appear to lay down that the verdict must absolutely conform to the statute in every event, it will be found that the nature of the interest of the prevailing party was a substantial issue and that the

error was prejudicial. We do not wish to be understood as holding that the requirements of the section in question are nugatory and are not to be adhered to. As was said in *Singer Mfg. Co. v. Dunham*, 33 Nebr., 686, referring to said section, "Such is the letter of the statute, and there is sufficient reason why it should be enforced." Whenever the findings required by the Code can or may be of practical worth to any party in the cause, whenever the interest of the prevailing party is an issue, the findings there prescribed must be made. But where there is no such issue and the finding when made would be of no substantial utility to any one in the cause, we do not think that said section or anything in the Code constrains us to reverse a judgment, otherwise right, at suit of one who is in no way prejudiced by the informality. We regard *Selby v. McQuillan*, 59 Nebr., 158, as governing this point no less than the one immediately involved therein.

To obtain a proper understanding of the errors assigned upon the instructions of the court, a brief review of the evidence will be necessary. S. S. Brown and H. S. Brown were partners engaged in various lines of business, among others the purchase and sale of land. They held a bond for a deed to certain lands, the legal title to which was in the plaintiff, and were in possession of them. Although it seems to have been partnership property, the bond ran to H. S. Brown. The latter had rented the lands prior to 1891, but, as he had gone out of the state, S. S. Brown rented them for that year and took leases running to himself. He claims to have assigned these to his wife, Elizabeth H. Brown, on May 16, 1891. During the spring of the same year negotiations began between the two Browns and the plaintiff looking to the surrender of the bond and of possession of the lands and the adjustment of a considerable indebtedness which they owed him. The plaintiff claims that the bond was surrendered May 20. However this may be, a written agreement, whereby the bond was canceled, the debts adjusted, and the rents turned over to the plaintiff, was duly executed by the latter and H. S.

6

Brown, the nominal holder of the bond, in September. Orders on the tenants to pay the rent to plaintiff were given pursuant thereto. Some correspondence between S. S. Brown and plaintiff is in evidence which indicates that the former acquiesced in the arrangement and understood that it involved turning the rents over to the plaintiff. H. S. Brown claims that prior to this agreement he also made an assignment of his interest in the rents to Elizabeth H. Brown; but he did not deliver this assignment till some time after its execution, and apparently did not at first intend to deliver it. The plaintiff claimed the property in controversy, which is the landlord's share of the corn raised on said lands, by virtue of the assignment to him from H. S. Brown, acquiesced in and assented to by S. S. Brown. The defendant claimed under Elizabeth H. Brown as assignee of S. S. Brown and H. S. Brown.

We are not entirely satisfied with the manner in which the issues and the law applicable to them were presented in the charge. As we view the case, the questions to be decided were these: (1) Were the respective assignments relied upon valid and complete? (2) if so, when did they become complete respectively, and what were their respective priorities? and (3) was the assignment to Elizabeth H. Brown a genuine transaction or was it colorable merely and intended to defeat the rights of the plaintiff? But we need not discuss the charge as a whole, because we think at least one of the specific instructions complained of is prejudicially erroneous. In this instruction the jury were told that if S. S. Brown and H. S. Brown were partners, any contract made by either in the line of the partnership business would bind the partnership, and hence that the first assignment of the rent share made by either would hold. We need not consider this as an abstract proposition, because the testimony does not show that S. S. Brown made the assignment to his wife in the course of the partnership business. He claims to have made it in payment of moneys he had borrowed of her years before,

evidenced by his personal note. He claims to have used these moneys in the partnership business. But granting this, he borrowed the money and he gave the note. He, not the partnership, owed Mrs. Brown. The partnership owed him, not her. Even if he could have assigned partnership property to her to pay a partnership debt, he could not have assigned such property to pay his own debt without the consent of his partner: *Cady v. South Omaha Nat. Bank,* 46 Nebr., 756, 763. Mrs. Brown is not in the position of one dealing with the apparent owner of the leases without notice of the rights of the other partner. There is no testimony that she did not know of the latter's interest, and it is in evidence that her husband set about it at once to get her an assignment from H. S. Brown. Moreover, if only because the transaction was between husband and wife, the burden would be on her to show that she took without such notice. For these reasons, we think the assignment to Elizabeth H. Brown was not complete till H. S. Brown had in some way consented thereto or assigned his interest, and that the instruction in question has no foundation in the evidence and was prejudicial error.

With one exception, the other errors assigned do not present questions likely to arise upon a new trial, and need not be taken up. The one question which may come before the district court again relates to a ruling permitting the defendant to use a deposition taken by the plaintiff, but not offered by him. It seems that the deposition of this witness had been taken three times, twice by the plaintiff and once by defendant. Plaintiff introduced a part of one of those taken by him, whereupon defendant, besides reading the one he had taken, read also, over objection, the other deposition taken by plaintiff. It would seem that a considerable part of these several depositions went over the same ground and objection might possibly have been made for that reason. But the objections made at the trial went solely to the right of one party to use depositions of his adversary, in the taking of which he did

not participate, where the party who took them did not
read them. We think that question is settled by section
383, Code of Civil Procedure. The same section in all re-
spects exists in the Code of Kansas, and is construed to
make depositions available to all parties in the cause.
*Rucker v. Reid,* 36 Kan., 468. While there are authorities
to the contrary, the prevailing, and, as we think, the
sounder view is that either party may use depositions reg-
ularly taken and filed in the cause. *Hale v. Gibbs,* 43 Ia.,
380; *Woodruff v. Garner,* 39 Ind., 246; *McClintock v.
Curd,* 32 Mo., 411; *O'Connor v. American Iron Mountain
Co.,* 56 Pa. St., 234; *Hazelton v. Union Bank,* 32 Wis., 34.
The common law originally was very strict in confining
each party to his own means of proof, and, as it has been
expressed, regarded a trial as a cock-fight, wherein he won
whose advocate was the gamest bird with the longest
spurs. But we have come to take a more liberal view and
have done away with most of those features of trials which
gave rise to that reproach. In *Echols v. Staunton,* 3 W.
Va., 574, the court said: "It is as competent for one party
to read on his own behalf a deposition regularly taken and
filed by the other party as it would be to introduce a wit-
ness summoned on behalf of such other party." That
is evidently the view which the framers of our Code
took when they drew the section cited. We are satisfied
that the purpose of that section was to adopt the rule that
either party might use depositions properly taken in the
cause, and to prevent the rule contended for by plaintiff
in this case, and maintained by some authorities, from ob-
taining in this jurisdiction. We see nothing in what was
said in *Converse v. Meyer,* 14 Nebr., 190, to require a dif-
ferent conclusion or to constrain us to limit the right of
using depositions to parties who have participated in tak-
ing them.

It is recommended that the judgment be reversed and
the cause remanded for a new trial.

SEDGWICK and OLDHAM, CC., concur.

REVERSED AND REMANDED.