PAN-AMERICAN AMUSEMENT CO. v. MAGUIRE.

(Circuit Court of Appeals, First Circuit. December 5, 1905.)

No. 591.

REPLEVIN—PLEADING—ISSUES AND PROOF.

Under the Massachusetts practice act of 1852, the general denial in replevin is broader than the old plea of non cepit, and under it a defendant who holds the property as an officer under a writ of attachment against a third person may impeach plaintiff's title by evidence that the transfer of the property to him by the attachment defendant was in fraud of creditors.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Replevin, §§ 272–277.]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Thomas J. Barry and Franklin Bien, for plaintiff in error.

Charles W. Bartlett (Frank E. Dickerman, on the brief), for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. The plaintiff in error, hereinafter called the plaintiff, brought an action of replevin against the defendant in

error, a deputy sheriff, hereinafter called the defendant. The goods replevied were theatrical properties which the defendant had taken on attachment in a suit brought in the state court, wherein one Messenger was plaintiff and the Lederer Amusement Company was defendant. In the attachment suit Messenger sued as assignee of a claim of Wanamaker, and caused the goods in question to be attached as the property of the Lederer Company, treating as ineffectual their conveyance by that company to the plaintiff in replevin, because in fraud of the creditors of the Lederer Company. The defendant in replevin pleaded a general denial. At the trial it was assumed on all sides that the "Wanamaker interests" (so called by the learned judge), having "a right to defend here under the sheriff," were the real parties defendant, and thus that the controversy was between the plaintiff in replevin and Wanamaker. The defendant sought to show that the conveyance to the plaintiff was in fraud of creditors. The plaintiff objected that the testimony was not admissible under a general denial. The judge admitted the evidence, and the plaintiff ·duly excepted. The jury found for the defendant upon the issue of the plaintiff's title as against attaching creditors, and specifically that the transfer by the Lederer Amusement Company to the plaintiff was not in good faith; that it was for the purpose of hindering, delaying, and defrauding Wanamaker; and that this was known to the plaintiff. The court thereupon ordered a return of the goods. Though the evidence showed that the defendant held the property replevied as the officer of a state court, yet this fact does not appear on the face of the writ, and at no stage of the case did the defendant raise this objection to the plaintiff's proceeding. As he is here defendant in error, he cannot now avail himself of the objection, and we mention the matter only to show that we have no occasion to pass upon it.

In replevin, the general issue at common law was non cepit, which plea admitted the plaintiff's title and put in issue only the taking. But the plaintiff's title was an essential part of his case, and the defendant might traverse it by a special plea. In Gates v. Gates, 15 Mass. 310, decided before the practice act of 1852, the facts were substantially the same as in the case at bar, and the defendant officer pleaded title in the plaintiff's assignor. The plaintiff replied title in himself, on which plea and replication issue was joined. Under these pleadings, the defendant was allowed to prove that the transfer to the plaintiff was in fraud of creditors. See, also, Wheeler v. Train, 3 Pick. 255. Under the practice act, a general denial in replevin "is broader than the old plea 'non cepit.'" D'Arcy v. Steuer, 179 Mass. 40, 60 N. E. 405. And under it any evidence is now competent which tends to contradict the contention of the plaintiff that the title and the right of possession were in him. Spooner v. Cummings, 151 Mass. 313, 23 N. E. 839; Verry v. Small, 16 Gray, 121. Hence it follows that the evidence, which in Gates v. Gates was admitted under pleadings denying the plaintiff's property, is now admissible under a general denial.

The plaintiff relies on Thissell v. Page, 11 Gray, 394. That was an action of trover brought against an attaching officer, in which the

answer "simply denied the plaintiff's property and the defendant's conversion." The court refused to admit evidence that the sale to the plaintiff of the goods in question had been in fraud of creditors. A declaration in trover alleges the plaintiff's right of possession at the time of conversion, and Thissell v. Page decides only that under the general issue a defendant cannot show that this right was voidable by the creditors of the plaintiff's assignor. In the suit at bar the declaration in replevin, on the other hand, alleges that the defendant Maguire "unlawfully, and without any justifiable cause, took the goods and chattels" in issue "and them unlawfully detained to this day." This allegation is met directly by evidence that the plaintiff's title has been avoided by the creditors of his assignor, and so the evidence is admissible under a general denial. Moreover, in Thissell v. Page the court relied especially upon the fact that the officer defendant had not justified under his precept. In the case at bar, this objection, if applicable, was waived by the understanding on both sides that the controversy should be treated as one between the plaintiff and the "Wanamaker interests."

The learned judge refused to instruct the jury that the law of New York governed certain questions. As it does not appear that the plaintiff called his attention to any particular law of New York, the exception must be overruled. The plaintiff sought rulings that there was no evidence of the insolvency of the Lederer Company. As the evidence was not fully reported, this exception does not avail the plaintiff. The other exceptions and assignments of error were not dealt with in the plaintiff's brief, upon which its counsel submitted the case without oral argument, and so we are not required to consider them.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers his costs of appeal.