GEORGE H. FIELD *vs.* CALVIN G. FLETCHER.

Norfolk. March 8, 1906. — May 16, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Replevin. Execution.*

In order to maintain an action of replevin the plaintiff must show that he has the general or a special property in the articles replevied and also the right of possession.

A seizure of chattels on execution by an officer gives him a special property in the chattels which while he retains it is sufficient to support an action of replevin.

R. L. c. 167, § 45, providing for the attachment "of articles of personal property which, by reason of their bulk or for other cause, cannot be immediately removed," does not apply to the seizure of chattels upon an execution.

If a deputy sheriff after seizing chattels on an execution allows them to remain for six weeks on the defendant's premises without doing anything to retain custody of the property or to keep it under his control, the lien of the execution is lost.

If an officer who has seized chattels on an execution adjourns the sale of them from time to time until the execution expires, and then returns the execution in no part satisfied, whether, if the officer has retained possession of the chattels, his lien upon them by virtue of the execution still continues, *quaere*.

REPLEVIN by a deputy sheriff. Writ in the District Court of East Norfolk dated May 23, 1904.

On appeal to the Superior Court the case was tried before *Hitchcock*, J., who at the close of the plaintiff's case ruled that the plaintiff was not entitled to maintain his action, and ordered a verdict for the defendant, with damages to the defendant to be assessed for the taking and retention of the property since the date of the writ. The plaintiff alleged exceptions.

*E. J. Parker*, for the plaintiff.

*G. H. Brown*, for the defendant.

KNOWLTON, C. J. The plaintiff, as a deputy sheriff, brought this action of replevin, to obtain property claimed by him under

an execution against a party other than the defendant, which had been put in his hands for collection. He levied upon the property, which consisted of two large disks of iron that weighed two tons each, and some shafts, pipes, skids and rails. An attachment of it had been made by him on the original writ, and in his return on the writ he described it as one stone grinding machine, together with frames and connections. By reason of the bulk of the articles the attachment was made by depositing an attested copy of the writ, with the return upon it, in the office of the city clerk, in accordance with R. L. c. 167, § 45. The execution was not issued until nearly six months after the recovery of the judgment, and so the attachment was lost.

The property had been removed by the defendant from the place where it was attached, and he held it on his own premises, claiming it under a bill of sale from the execution creditor. There was ground for contention as to whether it was covered by the bill of sale.

In order to maintain an action of replevin the plaintiff was bound to show in himself both property and a right of possession. *Johnson* v. *Neale*, 6 Allen, 227. *Hallett* v. *Fowler*, 8 Allen, 93. *Stanley* v. *Neale*, 98 Mass. 343. *Lewis* v. *Buttrick*, 102 Mass. 412, 413. *Barry* v. *O'Brien*, 103 Mass. 520. *Dicta*, that mere previous possession without legal right is enough, are not supported by the decisions in this Commonwealth. The plaintiff concedes that he never has had the general property in the articles, but he claims a special property in them by virtue of a levy on the execution. He testified that he went to the defendant's residence and there seized the chattels upon the execution, and he introduced his official return, which recited the making of the seizure, and that he kept the property safely for four days before the proposed sale. The seizure was on the fourth day of April, and the return states that on April 6 he received a notice from the defendant, which is there set out in full, containing a claim of the property under a bill of sale, and forbidding the plaintiff to enter upon his premises or to interfere with the property in any way. The return states that thereupon the plaintiff adjourned the sale from April 9 to April 16, from April 16 to April 23, from April 23 to April 30, from April 30 to May 7, from May 7 to May 14, from May 14 to May 21, and from

May 21 to May 25, on which last day, the execution having expired, he returned it in no part satisfied. The return also states that the goods and chattels referred to in the notice of the defendant were replevied by the plaintiff, by virtue of a writ bearing date May 23, which is the writ in the present case.

The evidence of a seizure is enough to warrant a finding that the plaintiff acquired a special property in the chattels, but all the evidence tends to show that, after that, they were allowed to remain on the defendant's premises until they were taken under the writ of replevin. More than six weeks elapsed after the seizure before the writ of replevin was issued, and there is no evidence that the plaintiff at any time did anything to maintain possession or preserve his special property. A fair inference · from the testimony is that, during all this time, the plaintiff made no attempt to retain custody of it, or to keep it under his control. It is well established law in Massachusetts that an officer who attaches chattels or takes them on execution cannot maintain his right, and retain his special property, without taking them into his possession and keeping them. *Caldwell* v. *Eaton,* 5 Mass. 399. *Lane* v. *Jackson,* 5 Mass. 157, 164. *Eastman* v. *Eveleth,* 4 Met. 137, 146. *Shephard* v. *Butterfield,* 4 Cush. 425. *Sanderson* v. *Edwards,* 16 Pick. 144. *Carrington* v. *Smith,* 8 Pick. 419. *Hemmenway* v. *Wheeler,* 14 Pick. 408. *Bagley* v. *White,* 4 Pick. 395. The R. L. c. 167, § 45, relative to the attachment of goods or property which cannot immediately be removed by reason of its bulk, does not apply to the seizure of goods upon an execution.

The burden was on the plaintiff to show that he had a special property in the chattels on May 23, when the action of replevin was brought. His failure to introduce evidence that he did anything to maintain possession, custody or control of the property, from the time of the seizure, or at least from the time of the first adjournment of the sale, is fatal to his claim.

It becomes unnecessary to consider what effect, if any, his failure to sell the property under the execution, and his return of the execution unsatisfied, would have upon his rights, if his case were established in other particulars.

*Exceptions overruled.*