JESSIE M. WYLIE vs. LAZARUS MARINOFSKY.

Middlesex.　November 13, 1908. — May 18, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Replevin. Evidence,* Presumptions and burden of proof.

The fact, that the defendant at the trial of an action of replevin brought by a married woman relies upon evidence tending to show that the property replevied was sold to him by the plaintiff's husband and that the plaintiff ratified such sale, does not relieve the plaintiff from the necessity of sustaining the burden of proving that she is entitled to possession of the property.

REPLEVIN. Writ returnable before Henry C. Mulligan, Esquire, trial justice, at Natick in the county of Middlesex and dated April 25, 1907.

On appeal to the Superior Court, the case was tried before *Lawton*, J. The facts are stated in the opinion. The jury found for the plaintiff and the defendant alleged exceptions.

*W. R. Bigelow*, for the defendant.

*J. F. Hurley*, for the plaintiff.

RUGG, J. This is an action of replevin to recover a horse. The plaintiff contended that she was the owner. The defendant contested this, and asserted that he bought the horse of the plaintiff's husband, and paid him for it, and that the plaintiff either authorized or ratified this sale. There was evidence in support of all these claims. The trial judge instructed the jury that the defendant " says if the plaintiff has satisfied you that she owned the horse, then the evidence that he has offered here ought to satisfy you — and the burden is upon the defendant in this part of the case — that the evidence here ought to satisfy you that, although she originally owned the horse, she either authorized or ratified the sale — [by her husband] and which she did is of no consequence." That the defendant's exception to this ruling must be sustained becomes apparent when the issues in an action of replevin are analyzed. The plaintiff, in order to prevail, must establish by a preponderance of the credible evidence that he is at least entitled to the possession of the property in question. *Fisher* v. *Alsten,* 186 Mass. 549. *Field* v.

*Fletcher*, 191 Mass. 494. The burden of proving this proposition rests on him throughout the trial. In the present case the answer of the defendant, which was a general denial, rendered competent any evidence which tended to controvert this contention of the plaintiff. *Spooner* v. *Cummings*, 151 Mass. 313. *D'Arcy* v. *Steuer*, 179 Mass. 40. The plaintiff asserted ownership as the foundation of her right to possession. She assumed, therefore, the burden of proving title in herself. This burden did not shift.

Indeed, the burden of proof does not shift under the law of this Commonwealth. *Willett* v. *Rich*, 142 Mass. 356, 360. *Gibson* v. *International Trust Co.* 177 Mass. 100, 103. When the plaintiff has closed his case, the defendant may then attack it. If he merely introduces evidence which breaks down the case of the plaintiff, he assumes no burden of proof. In a replevin case he may attempt to show that the plaintiff never had title or has disposed of his title. But this is still merely an attack upon the plaintiff's case, namely, his right to immediate possession of the property. *Sawyer* v. *Spofford*, 4 Cush. 598. He does not thereby raise a new technical issue. His evidence directed to these points is all admissible under a general denial, and does not require specification in the answer. *Magee* v. *Scott*, 9 Cush. 148, relied on by the plaintiff, is not in conflict with this view. The only point there under discussion was presumption and not burden of proof.

The defendant undertook to do no more in this case. He did not defend on any ground of confession and avoidance; he asserted facts directly at variance with those proffered by the plaintiff. It was analogous to the familiar defense in actions of contract that a different contract from that claimed by the plaintiff was in fact made, which is provable under a general denial, and as to which the burden is not on the defendant but continues on the plaintiff. *Starrett* v. *Mullen*, 148 Mass. 570. *Phipps* v. *Mahon*, 141 Mass. 471. If the defendant sets up any independent defense outside the issue raised by the pleadings of the plaintiff, then he assumes the burden of proving that distinct and independent allegation. *Sayles* v. *Quinn*, 196 Mass. 492, 495. *Powers* v. *Russell*, 13 Pick. 69, 77. But the evidence by the defendant in the present case that the plaintiff's agent, either by

original authority or subsequent ratification and adoption, had sold the horse to him, went to the root of the plaintiff's claim, which it was fundamentally necessary for her to establish, that she was the owner and entitled to possession. *Temple* v. *Phelps*, 193 Mass. 297. *Lombard* v. *Bryne*, 194 Mass. 236.

The incorrectness of the ruling given can be tested by applying it to such a state of facts as makes the ruling as to burden of proof the determining factor in the decision of the case. Suppose that the evidence for and against the proposition, that the plaintiff either authorized her husband to sell the horse or ratified the sale after it was made, was exactly even, and left the jury unable to say which contention had been proven. The plaintiff in this state of the evidence would have failed to make out the essential fact which she was obliged to prove in order to prevail, namely, that she was entitled to the immediate possession of the horse. Yet under the instruction given she would have prevailed, if she ever had been the owner of the horse. It is to be noted that the presiding judge was not instructing the jury as to inferences or presumptions but only as to burden of proof. In the opinion of a majority of a court the entry must be

*Exceptions sustained.*