DUNBAR-LAPORTE MOTOR COMPANY *vs.* VALMORE DESROCHER.

Hampden.    November 14, 1923. — January 4, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Lien,* Of bailee.    *Sale,* Conditional.    *Motor Vehicle.    Evidence,* Presumptions and burden of proof.

If the vendee of a motor vehicle under a contract of conditional sale, before there has been a breach of any condition of the contract, delivers it for the purpose of having repairs made on it to the proprietor of a garage, who has no actual notice of the contract of conditional sale, the proprietor of the garage, after he has made repairs, is entitled to a lien under G. L. c. 255, §§ 25, 35.

At the trial of an action of replevin of a motor vehicle, which had been sold by the plaintiff under a contract of conditional sale to one who had delivered the vehicle to the defendant, the proprietor of a garage, for repairs, an issue was, whether or not the defendant, at the time he made repairs upon the motor vehicle, knew of any claim of the plaintiff upon the car.    The defendant testified that he did not learn that the plaintiff had any claim on the car until after the repairs were completed, and there was no other evidence on this subject.    At the time of the delivery of the motor vehicle to the defendant there had been no breach of the conditions of the contract of sale.    A verdict was ordered for the defendant.    *Held,* that,

   (1) Whether the testimony of the defendant was or was not believed, there was no evidence to warrant a finding that the defendant had notice of the conditional sale or lease;

   (2) The burden was upon the plaintiff to prove that the defendant had actual notice of the conditional sale at the time the motor vehicle was delivered to him or that such delivery was made after a breach of a condition of the contract;

   (3) The plaintiff failed to sustain the burden of proof in both these respects, and a verdict for the defendant properly was ordered.

At the trial of the action above described, it appeared that the plaintiff was a corporation and that the contract of conditional sale did not require the purchaser to keep the car in repair.    The agreement provided that, if at any time after the date thereof the plaintiff should be of opinion that the property was not receiving proper care, the purchaser would deliver it to

the plaintiff or to its order upon surrender of the agreement " and it shall have the right to take possession of . . . said property . . . " The plaintiff's president testified that he saw the car on the street two or three weeks after the sale and that it appeared to have been improperly cared for. Thereafter the car was permitted to remain in the purchaser's possession and was delivered to the defendant for repairs. *Held,* that the plaintiff was not entitled to possession as against the defendant on the ground that the car was not properly cared for, it not appearing that the defendant had actual notice of the conditional sale or that there was a default of any condition of the sale before delivery to the defendant.

REPLEVIN of an automobile. Writ dated December 7, 1920.

In the Superior Court, the action was tried before *Irwin,* J. Material evidence is described in the opinion. On motion by the defendant and by order of the trial judge, a verdict was entered for the defendant. The plaintiff alleged exceptions.

G. L. c. 255, §§ 25, 35, read as follows:

" Section 25. Persons maintaining public garages for the storage and care of motor vehicles brought to their premises or placed in their care by or with the consent of the owners thereof shall have a lien upon such motor vehicles for proper charges due them for the storage and care of the same."

" Section 35. As against a conditional vendor or lessor, or person claiming under him, the lien of a bailee of the vendee or lessee or person claiming under him on property exceeding twenty dollars in value, for consideration furnished, without actual notice of the conditional sale or lease, shall prevail; provided, that the property was delivered to the bailee prior to the breach of any condition of the sale or lease."

The case was submitted on briefs.

*F. J. McKay,* for the plaintiff.

*L. Gray,* for the defendant.

CROSBY, J. This is an action of replevin. The plaintiff, a company dealing in automobiles, sold to one Viellioux an automobile in accordance with a written contract, which recited that the purchaser had paid $250 at the time of sale, and given ten promissory notes to become due by their terms on different dates; the title to the automobile was to remain

in the plaintiff until all the notes and any renewals thereof were paid. The contract contained other provisions, which need not be referred to at this time; it was dated August 28, 1920. The defendant testified that Viellioux left the car at the defendant's garage and requested him to make certain repairs upon it; and, having made the repairs, he claims a lien by virtue of G. L. c. 255, § 35. Viellioux, as the conditional owner of the car, had the right to deliver it to the defendant for the purpose of having repairs made on it, *Guaranty Security Corp.* v. *Brophy*, 243 Mass. 597, and the latter is entitled to a lien under the statute if he made the repairs without actual notice of the conditional sale or lease " provided, that the property was delivered to the bailee prior to the breach of any condition of the sale or lease." The defendant testified that he did not learn that the plaintiff had any claim on the car until all the repairs were completed. If this evidence was not believed, there was no evidence to warrant a finding that he had notice of the conditional sale or lease.

The agreement provided for the payment of ten notes on different dates; nine for $35 each, and the tenth for $185. The note due September 28, 1920, was paid on September 25, 1920; the second, due October 28, 1920, was paid on October 26, 1920. The third note fell due November 28, 1920. The defendant, who was called as a witness by the plaintiff, testified that the car was delivered to him by Viellioux on October 9, 1920. There was evidence that the car left the garage the last part of November or the first part of December, 1920. The replevin writ is dated December 7, 1920. It appears from the evidence that when the automobile was delivered to the defendant on October 9, 1920, there had been no breach of any condition of the sale or lease respecting the payment of any note. The defendant's answer, which was a general denial, put in issue the plaintiff's right of possession. *D'Arcy* v. *Steuer*, 179 Mass. 40.

The burden rested upon the plaintiff to prove that, at the time possession of the automobile was taken by virtue of the writ, it was entitled to immediate possession. *Wylie* v. *Marinofsky*, 201 Mass. 583. In other words, the plaintiff

to be entitled to possession of the automobile was required to prove that the defendant had actual notice of the conditional sale or lease when the car was delivered to him, or that such delivery was made after the breach of a condition of the sale or lease. In both these respects the plaintiff failed to sustain the burden of proof.

The agreement also provided that, if at any time after the date thereof the plaintiff should be of opinion that the property was not receiving proper care, the purchaser would deliver it to the plaintiff or to its order upon surrender of the agreement " and it shall have the right to take possession of . . . said property . . . ."

While the plaintiff's president testified that he saw the car on the street two or three weeks after the sale and that it appeared to have been improperly cared for, yet the purchaser did not agree to keep it in repair, and the plaintiff permitted it to remain in the purchaser's possession after learning of its condition, and thereafter it was delivered to the defendant for repairs. In these circumstances the plaintiff is not entitled to possession as against the defendant on the ground that the car was not properly cared for. As the plaintiff did not prove that the defendant had actual notice of the conditional sale, or that there was default in the payment of any of the notes when the car was delivered to the defendant, it is plain that the plaintiff failed to sustain the burden of proof. *Sawyer* v. *Spofford,* 4 Cush. 598. *Fisher* v. *Alsten,* 186 Mass. 549. *Field* v. *Fletcher,* 191 Mass. 494. *Wylie* v. *Marinofsky, supra.*

The trial judge rightly directed the jury to return a verdict for the defendant.

*Exceptions overruled.*