ANDREW CUNEO & another *vs.* HARRY SMITH & another.

Suffolk.    January 8, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Sale*, Conditional.  *Bailment.  Lien.*

The proprietor of a repair shop, to whom an automobile had been delivered for repairs by one who had possession of it under a contract of conditional sale, has no lien upon it, enforceable against the vendor, for the value of repairs made without knowing of the existence of the contract of conditional sale, if at the time the automobile was delivered to him there had been a breach of the condition of the contract of conditional sale.

BILL IN EQUITY, filed in the Superior Court on April 14, 1922, for the replevin of an automobile.

In the Superior Court, the suit was heard by *McLaughlin*, J. Material evidence and findings by the judge are described in the opinion. The judge, with the consent of the parties, reserved and reported the suit to this court for determination.

The case was submitted on briefs.

*V. Brogna,* for the plaintiffs.

*S. Bergson,* for the defendant Smith.

CARROLL, J.   In January, 1921, the plaintiffs delivered to the defendant Langone an automobile, under an agreement of conditional sale, by which title was not to pass to Langone until eleven promissory notes, payable monthly, were paid. The agreement provided that the failure to pay any one note when due terminated Langone's right to the possession of the automobile.   The last four notes, due August 7, 1921, September 7, 1921, October 7, 1921, and November 7, 1921, were not paid at maturity.   The automobile was duly registered in the name of Langone as owner.   It was damaged in an accident, late in November, 1921, and was taken by him to the shop of the defendant Smith, for repairs.   Smith had no knowledge that Langone held possession under a conditional sale or lease agreement, and made the repairs. It was found that the automobile exceeded $20 in value. It was agreed that the plaintiffs, in September, 1921, attempted to locate Langone and take possession of the property, but were unsuccessful; that they had no knowledge until after the repairs had been made that the automobile had been brought to Smith's place of business.   The four notes above referred to have not been paid.   The plaintiffs demanded the return of the automobile, without offering to pay for the repairs.   The suit is in equity, for a return of the automobile, it being agreed that the plaintiff can obtain relief in equity, "if otherwise entitled to prevail."   The bill was taken as confessed against Langone.

By G. L. c. 255, § 35, it is enacted that against a conditional vendor, the lien of a bailee of the vendee or lessee, on property exceeding $20 in value, for consideration furnished without actual notice of the conditional sale, shall prevail, "provided, that the property was delivered to the bailee prior to the breach of any condition of the sale or lease." It was decided in *Dunbar-Laporte Motor Co.* v. *Desrocher,* 247 Mass. 292, that the bailee of a vendee under a conditional sale could maintain his lien for repairs against the vendor, if the repairs were made by the bailee without actual

notice of the conditional sale, and the property was delivered to the bailee prior to the breach of any condition of the sale; and it was said in that opinion, at page 295, that the vendor to recover possession from the bailee, was required to prove that the bailee "had actual notice of the conditional sale or lease when the car was delivered to him, or that such delivery was made after the breach of a condition of the sale or lease." In the case at bar, the delivery to the defendant bailee was made after the condition was broken, four of the notes being unpaid. While the vendee was in default, he had no authority to subject the plaintiff's property to the lien of the defendant. The case is governed by *Dunbar-Laporte Motor Co.* v. *Desrocher, supra.* A decree is to be entered for the plaintiff.

*Ordered accordingly.*