SHEEHAN & EGAN, INC. *vs.* AMERICAN RAILWAY EXPRESS COMPANY.

Essex. January 13, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Replevin. Carrier*, Of goods. *Lien. Evidence*, Presumptions and burden of proof, Admissions. *Contract*, Construction, Performance and breach.

At the trial of an action of replevin, there was evidence, introduced by the plaintiff, that he was doing business in this Commonwealth and was the owner of shoes in Virginia, where they were attached in an action for rent against him by his landlord there; that subsequently the plaintiff and the landlord agreed that the premises should be surrendered and the lease terminated upon condition that the plaintiff pay the amount of rent to a certain date. The attachment continued in force. The plaintiff subsequently sent to the landlord a letter requesting him to ship the shoes C. O. D. by an express company and stating that he would be able to pay the landlord by the time the shoes arrived. The landlord did so, instructing the express company to deliver the shoes only upon payment of a certain sum, which was the amount due from the plaintiff as rent plus costs in the action in which the attachment was made. The plaintiff refused to accept delivery, stating to the landlord by telephone that all the shoes had not been shipped and that a greater sum had been demanded than he had agreed to pay. The same day he wrote the landlord a letter stating that the balance of the merchandise had arrived and that he was ready to pay a certain amount, which he asserted was all he owed and which was less than that demanded by the landlord, and requesting the landlord to correct an alleged mistake in the sum demanded. A letter from the landlord in reply explained the amount demanded. The plaintiff, without tendering any sum to the express company, paid the company's shipping charges and replevied the shoes from it. The jury found for the defendant. *Held*, that

(1) The burden was on the plaintiff to prove that he was entitled to possession of the shoes, and the assertion of a lien by the landlord did not shift the burden;

(2) The statement in the plaintiff's second letter to the landlord warranted a finding that the landlord had shipped all the shoes;

(3) After shipping the shoes, the landlord had, in lieu of his attachment and by reason of the plaintiff's agreement to pay cash upon delivery of the merchandise, a lien upon the shoes for the payment by the plaintiff of sums due from him;

(4) Findings were warranted that it was agreed by the parties that the plaintiff should pay the costs incurred by the landlord in addition to the rent item, and that the amount demanded by the landlord was not excessive;

(5) If the plaintiff desired to put himself in a position to assert his right to immediate possession of the goods because of an excessive charge by the landlord, he should have tendered the sum which he admitted was due;

(6) The verdict for the defendant was warranted.

REPLEVIN. Writ dated July 7, 1928.

The action was tried in the Superior Court before *Gray*, J. Material evidence and rulings given and refused by the judge are stated in the opinion. The jury found for the defendant. The plaintiff alleged exceptions.

*J. M. Fogarty*, for the plaintiff.

*G. C. Richards*, (*A. M. Pinkham* with him,) for the defendant.

SANDERSON, J. This is an action of replevin to obtain from the defendant, a common carrier, certain merchandise alleged to be unlawfully detained by it. The evidence introduced by the plaintiff tended to prove that it occupied under a written lease from Dreyfus & Co., a corporation, herein referred to as the lessor, a part of a department store, in Virginia, for the display and sale by the plaintiff of shoes manufactured at its factory in Lynn, Massachusetts. The plaintiff was in arreas for rent and the lessor placed an attachment on its merchandise in Virginia in an action brought there to recover rent. Thereafter the plaintiff and the lessor agreed that the premises should be surrendered and the lease terminated upon condition that the plaintiff pay the amount due for rent to April 1, 1928. The attachment in Virginia continued in force. After some correspondence the plaintiff sent a check to the lessor for a portion of the rent and one half of the plaintiff's merchandise was sent to it in Lynn. On

June 4, 1928, the plaintiff wrote the lessor a letter, in part in the following terms: " Please send the balance of Mdse C. O. D. American Express by the time it arrives we will be able to pay for it." After receiving this letter the lessor shipped merchandise to the plaintiff by the defendant to be delivered upon payment of $606.94 and express charges. The merchandise arrived in Lynn on June 12, 1928, and was taken by the defendant to the plaintiff's place of business and there offered for delivery if payment of the sum named should be made. The plaintiff refused to accept delivery. The treasurer of the plaintiff testified that after refusing delivery he told the lessor over the telephone that all of the plaintiff's merchandise had not been shipped and that more money was demanded than the plaintiff had agreed to pay. He also testified that the lessor said a mistake had been made and the matter would be attended to. The same day the plaintiff wrote the lessor a letter stating, among other things, that the balance of its merchandise had arrived in Lynn and the defendant had presented a bill for the amount above mentioned; that the plaintiff owed the lessor $588.81 for the remaining merchandise and was ready to pay the same; and requesting the lessor to correct this mistake. A letter in reply from the lessor stated that the amount due for rent was $579.02, to which had been added court costs, making the total $606.94. No tender of any amount was made by the plaintiff to the defendant and there was no evidence to show that tender had been waived. The plaintiff's treasurer testified that all of the plaintiff's property was not in Lynn. On July 7, 1928, the plaintiff paid express charges to the defendant and the merchandise was replevied in this action. The plaintiff was at all times owner of the property replevied. The jury found for the defendant. The plaintiff excepted to the refusal of the judge to give two instructions, (1) " The burden of proof that the Dreyfus company performed its part of the contract, *i.e.*, shipped the balance of the plaintiff's merchandise, C. O. D., for the balance of rent due is upon the defendant "; (2) " There is no evidence that the Dreyfus

company shipped the balance of the plaintiff's merchandise, C. O. D., for the balance of the rent due."

The plaintiff in order to prevail in an action of replevin " must establish by a preponderance of the credible evidence that he is at least entitled to the possession of the property in question," and a defence set up to meet the plaintiff's assertion that it was entitled to possession does not impose the burden of proof on this issue on the defendant. *Wylie* v. *Marinofsky,* 201 Mass. 583. *Fisher* v. *Alsten,* 186 Mass. 549, 551. *Field* v. *Fletcher,* 191 Mass. 494, 495. *Dunbar-Laporte Motor Co.* v. *Desrocher,* 247 Mass. 292, 294. The defence of a lien by the lessor merely controverted the essential allegation in the writ that the property was unlawfully detained by the defendant. Cases like *A. J. Tower Co.* v. *Southern Pacific Co.* 184 Mass. 472, 474, *Sayles* v. *Quinn,* 196 Mass. 492, 496, and *Mountford* v. *Cunard Steamship Co. Ltd.* 202 Mass. 345, 350, are distinguishable in their facts.

The judge ruled in substance that the agreement meant that the lessor had the duty to ship the balance of the merchandise and if this was done it was entitled to have the balance due paid before the property was delivered. The statement in the letter from the plaintiff already referred to was sufficient to justify the finding that the balance of the merchandise had been shipped by the lessor.

The lessor after releasing its attachment had a valid lien on the property based upon the plaintiff's agreement to pay cash upon delivery of the balance of the property to the plaintiff. *Arnold* v. *Delano,* 4 Cush. 33, 38. *Pinch* v. *Anthony,* 8 Allen, 536. The plaintiff's proposition that the balance of the merchandise be sent C. O. D. if complied with would necessarily result in a discharge of the attachment then upon it. The plaintiff's letter did not state the amount of cash to be paid on delivery, but the jury could have found that the parties understood that the sum to be paid was the amount due from the plaintiff to the lessor including the costs incurred in the action in which the merchandise was then held under attachment. They could also find that the amount demanded

was not excessive. If the plaintiff desired to put itself in position to assert its right to the immediate possession of the goods because of an excessive charge it should have tendered the sum which admittedly was due.

*Exceptions overruled.*