## SEARS, ROEBUCK AND CO. *vs.* NORA HINDE.

Middlesex.    May 20, 1936. — July 1, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil,* Costs.    *Replevin.*

On a record before this court in an action of replevin brought under
G. L. (Ter. Ed.) c. 255, § 36, against a warehouseman, in which there
was a finding for the plaintiff, with no finding that the claim of the
defendant for which he asserted a lien was no greater than the amount
due under the contract from which his claim arose, the defendant
failed to show himself entitled to costs against the plaintiff under
§ 39 of that chapter or that there was error in taxing costs against the
defendant.

A record before this court not disclosing that an objection to a correct
ruling reported to an appellate division was frivolous or intended for
delay, the appellate division in dismissing the report was without
jurisdiction to impose double costs under G. L. (Ter. Ed.) c. 231, § 108.

REPLEVIN. Writ in the District Court of Somerville
dated February 4, 1935.

There was a finding for the plaintiff, which, on report, was
"affirmed" by an order of the Appellate Division for the
Northern District from which no appeal was taken. There-
after costs were taxed against the defendant by the clerk and
were approved by *Sturtevant,* J. A report to the Appellate
Division on the question of costs was ordered dismissed with
a taxation of double costs against the defendant. The
defendant appealed.

*E. W. Hadley,* for the defendant.

*A. G. Tierney,* for the plaintiff.

CROSBY, J. This is an action of replevin brought in the
District Court of Somerville against the defendant, doing
business as F. A. Hinde and Sons.

The following recitals are contained in a report of the
trial judge on the merits to the Appellate Division: "the
plaintiff corporation sold the goods (furniture) involved to
one Gazlay in September, 1932, on a contract of condi-
tional sale and delivered the goods to Gazlay; the defend-
ant was and is a public warehouseman; on May 31, 1934,

Gazlay stored the goods with the defendant at her storage warehouse . . . under a storage contract; at the time of said storage Gazlay was in default under his conditional sales contract with the plaintiff; under the said storage contract the defendant was a bailee of the goods; on January 30, 1935, the plaintiff made demand on the defendant for possession of the goods; there was then due and owing to the defendant from Gazlay under the storage contract the sum of Sixty-three Dollars . . . and the defendant refused to deliver the goods to the plaintiff unless that sum should be paid." The trial judge found for the plaintiff in the replevin action, and "that finding was affirmed" by the Appellate Division. There were hearings by the clerk of the court on the taxation of costs; he taxed costs in favor of the plaintiff and against the defendant. The defendant appealed from said taxation to a judge of the court. The judge heard the parties, decided that as matter of law the defendant was not entitled to costs, affirmed the taxation made by the clerk and reported the matter to the Appellate Division. The report recites that it contains all the evidence material to the questions reported.

The case was thereafter argued by counsel and briefs were submitted to the Appellate Division, which found and decided that there had been no prejudicial error and ordered that the report be dismissed, and that the plaintiff recover double costs. The defendant appealed from the final decision of the Appellate Division "dismissing the report on taxation of costs."

It is the contention of the defendant that she is entitled to costs under G. L. (Ter. Ed.) c. 255, § 39, which is as follows: "In actions of replevin brought under section thirty-six,* costs shall be taxed against the plaintiff in cases where

---

* Said § 36 reads as follows: "If personal property exceeding twenty dollars in value is detained from the owner, or person otherwise entitled to its possession, under the claim of a lien, and the contract under which the alleged claim arose did not specifically state in writing the aggregate amount of charges to accrue for the services or materials to be furnished, the owner or such other person may cause the said property to be replevied in the manner and subject to the provisions set forth in sections seven to twenty-two, inclusive, of chapter two hundred and forty-seven, so far as the same may be applicable, except as is otherwise provided in the three following sections."

the court decides that the claim of the defendant for which he asserted a lien was no greater than the amount due under the contract. In all other cases costs shall be taxed against the defendant." As there is no finding of the court, and as it does not appear, "that the claim of the defendant for which [s] he asserted a lien was no greater than the amount due under the contract," it is plain that the last sentence only of the section is applicable, and that costs were properly taxed against the defendant. "The excepting party 'is bound to see that the bill of exceptions includes all that is necessary to enable us to decide whether the rulings, of which he complains, were or were not erroneous.'" *Posell* v. *Herscovitz*, 237 Mass. 513, 517. The rights of the parties are governed by G. L. (Ter. Ed.) c. 255, § 35, which is as follows: "As against a conditional vendor or lessor, or person claiming under him, the lien of a bailee of the vendee or lessee or person claiming under him on property exceeding twenty dollars in value, for consideration furnished, without actual notice of the conditional sale or lease, shall prevail; provided, that the property was delivered to the bailee prior to the breach of any condition of the sale or lease." The judge found that at the time the articles were delivered to the defendant as warehouseman Gazlay was in default in the making of payments to the plaintiff. For that reason no lien attached in favor of the defendant as against the plaintiff. *Cuneo* v. *Smith*, 251 Mass. 399.

The question remains whether the order of the Appellate Division that the plaintiff recover double costs was erroneous as matter of law. G. L. (Ter. Ed.) c. 231, § 108, provides in part as follows: "If the appellate division shall decide that there has been prejudicial error in the ruling complained of, it may reverse, vacate or modify the same or order a new trial in whole or part; otherwise it shall dismiss the report, and may impose double costs in the action if it finds the objection to such ruling to be frivolous or intended for delay." It does not appear that when the property was delivered by Gazlay to the defendant for storage the latter had any knowledge of the plaintiff's claim. The

report shows that under the storage contract Gazlay owes the defendant $63, and that the defendant refused to deliver the goods to the plaintiff unless that sum was paid. We are of opinion that, although the defendant's objection to the rulings reported cannot be sustained, the objection is not frivolous or intended for delay. Accordingly the entry should be

*Report dismissed; plaintiff to recover costs.*