WALERY TANONA *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Worcester.   September 27, 1938. — December 21, 1938.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence,* Employer's liability: Federal employers' liability act, railroad yard. *Interstate Commerce. Evidence,* Presumptions and burden of proof.

In an action at common law by an employee against a railroad corporation for injuries sustained in a railroad yard, upon the defendant setting up in its answer that the action was governed by the Federal employers' liability act, the burden was on the plaintiff to prove that when injured he was not engaged in interstate commerce.

Employment in removing snow from tracks and cleaning switches in a railroad yard used for the reception, distribution and dispatch of trains from and to points beyond the Commonwealth would be employment in interstate commerce.

In an action at common law by an employee against a railroad corporation, a finding that the plaintiff when injured while removing snow from a track in the defendant's yard was not engaged ·in interstate commerce would not have been warranted by evidence merely that during three hours when he was at work there was no use of the track, or by disbelief of evidence for the defendant that the yard was used for interstate commerce.

TORT.   Writ in the Superior Court dated January 16, 1934.

---

* On appeal to the Supreme Court of the United States, this judgment was reversed. *Schneider* v. *State,* 308 U. S. 147, 156, 163, 165. — REPORTER.

The action was tried before *O'Connell*, J., who ordered a verdict for the defendant and reported the action.

*E. Burke*, for the plaintiff.

*J. J. Whittlesey*, for the defendant, submitted a brief.

RONAN, J.   The plaintiff, an employee of the defendant, seeks in this action to recover for injuries sustained by falling into a hole, located in the defendant's railroad yard. He was hired upon the morning of the accident and was one of a group of thirty to forty men engaged in shoveling snow and cleaning switches.   A foreman directed the plaintiff where to work.   He began work removing snow from a track located in yard nine, and cleaning the switches connected with that track.   There was a passageway located at the side of this track.   The plaintiff had cleaned about half a dozen switches and was proceeding along the passageway in the course of his work, when his left leg went into a hole up to his knee.   It was snowing at the time of the accident, and there were eleven inches of snow on the ground. The hole was three feet in circumference.   It was covered with snow.   The plaintiff had not received any warning and did not know of the existence of the hole until he fell.   The plaintiff and another employee, who was working with him, testified that they did not see any cars upon the track or any movement of cars upon that track while they were working there.   The plaintiff went to work at 7 A.M.; he was injured at 10 A.M. but continued to work until noon time.   He left the defendant's premises at 2 P.M.   It did not appear how long his companion worked in this yard after the accident.   The defendant was not insured under the workmen's compensation act.

The defendant introduced evidence that yard seven was adjacent to yard nine; that trains from all parts of the country are received in yard seven, where they are broken up, rearranged, and then depart for various points within and without the State; that cars are switched from yard seven into yard nine; that yard nine is also used for the classification of interstate trains; that trains and cars from outside the State come into yard nine, and that tracks lead out of this yard to Providence, Rhode Island.   The de-

fendant's records showed the location of certain cars upon certain tracks in yard nine on the day of the accident, and some of these cars came from outside the State.

At the close of the evidence, the judge granted the defendant's motion for a directed verdict "upon the pleadings and upon all the law and the evidence" and reported the case to this court in accordance with a stipulation made by the parties.

The declaration sets forth in a single count a cause of action at common law. The answer, among other things, alleged that the plaintiff's action was "exclusively governed by the Federal Employers' Liability Act." The nature and purport of a pleading are to be determined in accordance with our own law and do not involve the adjudication of a Federal question. The gist of the count is the alleged violation of a common law duty owed by an employer to an employee. The action is not based upon the Federal employers' liability act. (35 U. S. Sts. at Large, 65, c. 149, 36 U. S. Sts. at Large, 291, c. 143.) *Dewing* v. *New York Central Railroad,* 281 Mass. 351. *Saunders* v. *Boston & Maine Railroad,* 287 Mass. 56. *Wabash Railroad* v. *Hayes,* 234 U. S. 86. *Central Vermont Railway* v. *White,* 238 U. S. 507.

The burden was upon the plaintiff to prove his case within the pleadings and, when the Federal act had been set up in defence, to establish a right of action at common law which had not been superseded by the Act of Congress. His cause of action could not occupy both fields. If the plaintiff's injury occurred when he was engaged in interstate commerce while in the employ of an interstate common carrier by railroad, then the remedy provided by the Federal act became exclusive and no recovery could be had under the common law. *St. Louis, San Francisco & Texas Railway* v. *Seale,* 229 U. S. 156. *North Carolina Railroad* v. *Zachary,* 232 U. S. 248. *Lynch* v. *Boston & Maine Railroad,* 227 Mass. 123. *Saunders* v. *Boston & Maine Railroad,* 287 Mass. 56. The real issue is whether the plaintiff has shown that at the time he was injured he was not engaged in interstate commerce.

If the tracks and switches upon which the plaintiff was

working were used for the reception, distribution and dispatch of trains from and to points beyond the Commonwealth, they were instrumentalities of interstate commerce, and the work in which the plaintiff was engaged at the time of his injury was incidental to or so closely connected with interstate commerce as practically to become a part of it. *Pedersen* v. *Delaware, Lackawanna & Western Railroad,* 229 U. S. 146. *New York Central Railroad* v. *Winfield,* 244 U. S. 147. *New York Central Railroad* v. *Porter,* 249 U. S. 168. *Kinzell* v. *Chicago, Milwaukee & St. Paul Railway,* 250 U. S. 130.

The mere disbelief of the defendant's testimony that the yard was used for interstate commerce was not evidence that the contrary was true. *Wakefield* v. *American Surety Co.* 209 Mass. 173. *Boice-Perrine Co.* v. *Kelley,* 243 Mass. 327. The plaintiff's testimony was to the effect that no use of the track upon which he was working was made during the time that he and his companion were there. Whether its use on the morning of the accident had been interrupted by the storm is immaterial. The premises had not ceased to be operated as a freight yard. The snow was being removed for the purpose of permitting the yard to be utilized for its usual and ordinary purposes. If the track was used for both interstate and intrastate commerce, and the nature of the work in which the plaintiff was employed at the time of his injury was in furtherance of both kinds of commerce, then he could assert his rights only under the Federal employers' liability act. *Philadelphia & Reading Railway* v. *Di Donato,* 256 U. S. 327. *Saunders* v. *Boston & Maine Railroad,* 287 Mass. 56.

In *Osborne* v. *Gray,* 241 U. S. 16, the plaintiff showed that her intestate was killed while engaged in the transportation of three cars between two points within the State. The evidence did not disclose the origin or destination of those cars. Recovery under a State statute was permitted because the plaintiff had proved that the intestate was employed in intrastate transportation. It appeared in *Philadelphia & Reading Railway* v. *Polk,* 256 U. S. 332, that a brakeman was killed, in the performance of his

duties, upon a freight train which was composed of cars some of which were moving in intrastate commerce and the rest were carrying goods in interstate transportation. The burden of proving that the brakeman at the time of his death was not engaged in interstate transportation was upon the plaintiff and not upon the company. The case at bar lies between these two cases because the plaintiff has failed to show the nature of the commerce in which he was employed. See *Rossi* v. *Pennsylvania Railroad,* 115 N. J. L. 1; *Bauchspies* v. *Central Railroad of New Jersey,* 287 Penn. St. 590.

The plaintiff was therefore bound to show that his work was not the maintenance of tracks and switches for the use of trains employed in interstate transportation. The defence that his injuries arose out of his employment in interstate commerce was not in the nature of an affirmative defence but was a matter which went to the very foundation of the plaintiff's claim. It was an assertion that the plaintiff never had any such cause of action as he alleged. It was a direct attack upon the validity of the claim set forth in the declaration. It was incumbent on the plaintiff to prove that cause of action. *Wylie* v. *Marinofsky,* 201 Mass. 583. *Hughes* v. *Williams,* 229 Mass. 467. *Sheehan & Egan, Inc.* v. *American Railway Express Co.* 274 Mass. 331. The plaintiff has not sustained the burden of proof. *Childs* v. *American Express Co.* 197 Mass. 337. *Ridge* v. *Boston Elevated Railway,* 213 Mass. 460. *Gormley* v. *Dangel,* 214 Mass. 5, 7, 8. *Moore* v. *Amesbury,* 268 Mass. 462.

In accordance with the stipulation of the parties the entry will be

*Judgment for the defendant.*