MICHAEL PICANZO *vs.* TRUSTEES OF NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY. November 2, 1946. Judgment for the defendants. The plaintiff was injured while employed as a laborer on the defendants' tracks. The plaintiff at the time of the injury was, as he concedes, engaged in interstate commerce. In these circumstances his only remedy was under the Federal employer's liability act (U. S. C. [1940 ed.] Title 45, §§ 51–60). *Dewing* v. *New York Central Railroad,* 281 Mass. 351, 353. The plaintiff's declaration, however, sets forth in a single count a cause of action at common

law.  The defendants' answer, among other things, alleges that the plaintiff's right of action was exclusively governed by the Federal employer's liability act.  At the close of the plaintiff's evidence the judge granted the defendants' motion for a directed verdict "upon the pleadings and upon all the law and the evidence," and reported the case under a stipulation that if the verdict was wrongly directed judgment was to be entered for the plaintiff for $2,000.  The burden was upon the plaintiff under the pleadings to establish his right of action at common law (*Tanona* v. *New York, New Haven & Hartford Railroad*, 301 Mass. 589, 591), but he failed to do this and the judge rightly directed a verdict for the defendants.

F. I. *Rose*, (A. E. *Gozzi* & E. L. *Nigro* with him,) for the plaintiff.

N. W. *Deering*, for the defendants.